Mitchell M.Z. Twersky (MT-6739)
Lawrence D. Levit (LL-9507)
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
**Proposed Co-Lead Counsel for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
          :
MARY K. JONES, Individually and on Behalf  :
of All Others Similarly Situated,    :
          :
          :
            Plaintiff,   :   Civil Action No. 10-cv-03864-AKH
          :
    -against-      :
          :
PFIZER INC., HENRY A. McKINNELL,   :
JEFFREY B. KINDLER, FRANK    :   JUDGE ALVIN K. HELLERSTEIN
D'AMELIO, DAVID L. SHEDLARZ, ALAN  :
G. LEVIN and IAN C. READ,    :   ECF Case
          :
            Defendants.   :
          :
------------------------------------------------------------ x


**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM
AND UNION ASSET MANAGEMENT HOLDING AG FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF COUNSEL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION .......................................................................................................................1

FACTUAL BACKGROUND ......................................................................................................2

PROCEDURAL BACKGROUND..............................................................................................4

ARGUMENT................................................................................................................................5

I.  OKLAHOMA FIREFIGHTERS AND UNION SHOULD BE APPOINTED LEAD PLAINTIFF ...............................................................................................................5

    A.    The Legal Requirements Under the PSLRA................................................................5

    B.    Oklahoma Firefighters and Union Satisfy the Lead Plaintiff Requirements of the Exchange Act.................................................................................5

        1.    Oklahoma Firefighters and Union Have Complied with the Exchange Act and Should Be Appointed Lead Plaintiff .................5

        2.    Oklahoma Firefighters and Union Are Precisely the Type of Lead Plaintiffs Congress Envisioned When It Passed the PSLRA ......................................................................................................6

        3.    Oklahoma Firefighters and Union Have Requisite Financial Interest in the Relief Sought by the Class ........................................7

        4.    Oklahoma Firefighters and Union Otherwise Satisfy the Requirements of Rule 23 ................................................................7

II. THE COURT SHOULD APPROVE OKLAHOMA FIREFIGHTERS' AND UNION'S CHOICE OF COUNSEL .......................................................................11

CONCLUSION..........................................................................................................................12

# TABLE OF AUTHORITIES

*Bassin v. deCODE Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ...................................................................................4, 5

*Chisholm v. Transouth Fin. Corp.*,
   184 F.R.D. 556 (E.D. Va. 1999) ..........................................................................................8

*Dietrich v. Bauer*,
   192 F.R.D. 119 (S.D.N.Y. 2000) ..........................................................................................8

*Glauser v. EVCI Ctr. Colls. Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ...........................................................................6, 8, 9, 11

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996) .........................................................................................4

*In re Dell Inc., Securities Litigation*,
   No. 06-cv-726 (W.D. Tex.) ................................................................................................10

*In re Drexel Burnham Lambert Group, Inc.*,
   960 F.2d 285 (2d Cir. 1992) .................................................................................................8

*In re Sprint Corp. Sec. Litig.*,
   164 F. Supp. 2d 1240 (D. Kan. 2001) ..................................................................................8

*In re Sunrise Senior Living Inc. Sec. Litig.*,
   No. 07 Civ. 102-RBW (D.D.C.) ..........................................................................................2

*Lax v. First Merchants Acceptance Corp.*,
   1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ..........................................................................4

*Marsden v. Select Medical Corp.*,
   No. 04-4020 (E.D. Pa. Oct. 5, 2006) ..................................................................................11

*Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*,
   No. 08 Civ.6324 (D. Minn) .................................................................................................2

*Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................8

*Priest v. Zayre Corp.*,
   118 F.R.D. 552 (D. Mass. 1988) ..........................................................................................8

*Stocke v. Shuffle Master*,
   No. 07 Civ. 00715-KJD-RJJ (D. Nev) ...............................................................................11

**Statutes and Rules**

15 U.S.C. § 78u-4 ...................................................................................................................1

15 U.S.C. § 78u-4(a)(3)(A)(1) ................................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)(i) .................................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)-(b) ...............................................................................................5

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................. 5-6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................................1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)(cc) ....................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..................................................................................11

15 U.S.C. § 78u-4(a)(3)(B)(v) ..............................................................................................11

Fed. R. Civ. P. 23(a) ..........................................................................................................7, 8

Fed. R. Civ. P. 23(a)(3) .......................................................................................................8, 9

Fed. R. Civ. P. 23(a)(4) ..........................................................................................................9

**Other Materials**

H.R. Conf. Rep. No. 104-369 (1995) ......................................................................................6

## INTRODUCTION

Pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") and Union Asset Management Holding AG ("Union") respectfully move this Court for an order appointing Oklahoma Firefighters and Union as Lead Plaintiff on behalf of all persons[1] who purchased securities of Pfizer Inc. ("Pfizer" or the "Company") from January 19, 2006, through and including January 23, 2009 (the "Class Period"),[2] and for approval and appointment of their selection of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky") and Motley Rice LLC ("Motley Rice") as Co-Lead Counsel.

For the reasons set forth below, Oklahoma Firefighters and Union believe they are the "most adequate plaintiff[s]" by virtue of their having the largest financial interest in the relief sought by the class and satisfying the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Specifically, as set forth in their duly executed Certifications and accompanying loss charts, Oklahoma Firefighters and Union incurred losses of approximately $18,915,256 in connection with their purchases of Pfizer common stock on the New York Stock Exchange during the Class Period.[3]

---

[1] The "Class" excludes Defendants and their families, directors and officers of Pfizer and their families and affiliates.

[2] This Class Period is the one used in the Amended Complaint (Dkt. #2). The Original Complaint asserted a longer Class Period of July 20, 2005, through January 23, 2009, inclusive.

[3] This loss figure was computed using a "first in, first out" (FIFO) methodology. Oklahoma Firefighters' and Union's combined loss under a "last in, first out" (LIFO) method of accounting is approximately $17,411,324. Copies of the Certifications executed on behalf of Oklahoma Firefighters and Union are attached as Exhibit 1 to the Declaration of Mitchell M. Z. Twersky In Support of The Motion Of Oklahoma Firefighters Pension And Retirement System And Union Asset Management Holding AG For Appointment As Lead Plaintiff and Approval Of Their Selection Of Counsel, herein the "Twersky Decl." The accompany loss charts are attached as Exhibit 2 to the Twersky Decl.

Furthermore, as evidenced by the Joint Declaration submitted herewith, Oklahoma Firefighters and Union are sophisticated institutional investors that have substantial experience serving as fiduciaries and as lead plaintiffs in securities fraud class actions, separately and together.[4] Indeed, Oklahoma Firefighters and Union are currently serving as Lead Plaintiff in the securities class action captioned <u>Minneapolis Firefighters' Relief Association v. Medtronic, Inc.</u>, No. 08 Civ. 6324 (D. Minn) (the "<u>Medtronic</u> Action"), and they are committed to working together in this action to pursue vigorously the claims in the best interest of the Class. Oklahoma Firefighters and Union fully understand their duties and responsibilities to the Class, and have already established procedures to coordinate their efforts during the course of the litigation. These procedures have been documented in a Joint Prosecution Agreement that provides procedures for apportioning tasks between counsel and keeping Oklahoma Firefighters and Union apprised of case developments, and further demonstrates that Oklahoma Firefighters and Union are committed to actively overseeing the litigation and ensuring that it is prosecuted in a cost-effective manner.

## FACTUAL BACKGROUND[5]

Pfizer is a pharmaceutical company that researches, develops, manufactures, and markets prescription drugs worldwide. At various times during the Class Period, Pfizer manufactured, marketed, and sold many types of drugs, including Bextra (an anti-inflammatory), Geodon (an anti-psychotic), Zyvox (an antibiotic), and Lyrica (an anti-epileptic). During the Class Period, Defendants misled investors by failing to disclose that they were engaged in an ongoing course of conduct designed to illegally promote the sale of Pfizer drugs.

---

[4] <u>See</u> Joint Declaration of Oklahoma Firefighters Pension and Retirement System And Union Asset Management AG In Support Of Their Motion For Appointment As Lead Plaintiff And Approval Of Their Selection of Counsel, herein the "Joint Declaration," attached as Exhibit 4 to the Twersky Decl.
[5] This factual summary is based on the Amended Complaint in <u>Jones v. Pfizer Inc.</u>, No. 10-cv-3864-AKH (S.D.N.Y. filed May 25, 2010) (Dkt. #2).

2

From February 1, 2002, through April 30, 2005, Pfizer illegally promoted the sale and use of Bextra for conditions and at dosages other than those for which its use was approved by the FDA. Pfizer also offered and paid illegal kickbacks to healthcare professionals to induce them to promote and prescribe Bextra. As a result of this conduct, Pfizer knowingly caused false or fraudulent claims for Bextra to be submitted to, or caused purchases by, Medicaid and other federal healthcare programs.

Between February 1, 2001, and December 31, 2007, Pfizer illegally promoted the sales and use of Geodon for conditions and dosages other than those for which its use was approved by the FDA. Pfizer also offered and paid illegal kickbacks to healthcare professionals to induce them to promote and prescribe Geodon. As a result of this conduct, Pfizer knowingly caused false or fraudulent claims for Geodon to be submitted to, or caused purchases by, Medicaid and other federal healthcare programs.

From February 1, 2001, through February 28, 2008, Pfizer illegally promoted the sales and use of Zyvox for conditions and dosages other than those for which its use was approved by the FDA. Pfizer also offered and paid illegal kickbacks to healthcare professionals to induce them to promote and prescribe Zyvox. As a result of this conduct, Pfizer knowingly caused false or fraudulent claims for Zyvox to be submitted to, or caused purchases by, Medicaid and other federal healthcare programs.

From September 1, 2005, through October 31, 2008, Pfizer illegally promoted the sales and use of Lyrica for conditions and at dosages other than those for which its use was approved by the FDA. Pfizer also offered and paid illegal kickbacks to healthcare professionals to induce them to promote and prescribe Lyrica. As a result of this conduct, Pfizer knowingly caused false

3

or fraudulent claims for Lyrica to be submitted to, or caused purchases by, Medicaid and other federal healthcare programs.

On January 26, 2009, Pfizer announced that it was paying $2.3 billion to resolve several ongoing regulatory and government investigations. These investigations involved the improper promotion of, and kickbacks relating to, Bextra, Geodon, Zyvox, and Lyrica. After the cost of resolving these investigations became public, the price per share of Pfizer common stock declined $1.80, or 10.3%, from its previous close of $17.45 to $15.65 on heavy trading volume.

## PROCEDURAL BACKGROUND

The PSLRA requires the counsel who files the first complaint to issue a notice to investors in a widely circulated national business-oriented publication within twenty days of the date the complaint is filed, advising class members of the pendency of the lawsuit and the nature of the allegations, their right to seek appointment as lead plaintiff within sixty days of the publication of the notice, and the purported class period. See 15 U.S.C. § 78u-4(a)(3)(A)(1). The first action against Pfizer was filed on May 11, 2010. On that same day, counsel filing the complaint issued the required Notice on Business Wire.[6]

The PSLRA requires putative class members to move for appointment as lead plaintiff within 60 days of the date the Notice was issued. See 15 U.S.C. § 78u-4(a)(3)(A)(1). Oklahoma Firefighters and Union have satisfied this requirement by filing their motion within the sixty-day period. Accordingly, the procedural mandates of the PSLRA have been satisfied.

---

[6] Business Wire consistently has been recognized as a suitable vehicle for meeting the PSLRA's statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See, e.g., Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., No. 97 C 2715, 1997 WL 461036, at *1 (N.D. Ill. Aug. 6, 1997); see also Bassin v. deCODE Genetics, Inc., 230 F.R.D. 313, 313 (S.D.N.Y. 2005) (stating that "[n]otice was published that same day in the Business Wire, a national, business oriented newswire service, as required by 15 U.S.C. §§ 78u-4(a)(3)(A)(i)"). A copy of the Notice is attached as Exhibit 3 to the Twersky Decl.

4

## ARGUMENT

I. **OKLAHOMA FIREFIGHTERS AND UNION SHOULD BE APPOINTED LEAD PLAINTIFF**

   A. **The Legal Requirements Under the PSLRA**

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (1997); see generally Bassin v. deCODE Genetics, Inc., 230 F.R.D. 313 (S.D.N.Y. 2005).

   B. **Oklahoma Firefighters and Union Satisfy the Lead Plaintiff Requirements of the Exchange Act**

      1. **Oklahoma Firefighters and Union Have Complied with the Exchange Act and Should Be Appointed Lead Plaintiff**

The 60-day time period in which class members may move to be appointed Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(A)-(b) expires on Monday, July 12, 2010. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Oklahoma Firefighters and Union timely move this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Oklahoma Firefighters and Union have signed and filed sworn certifications pursuant to the PSLRA. See Twersky Decl. Ex. 1. In addition, Oklahoma Firefighters and Union have selected and retained competent counsel to represent it and the class. See infra. Therefore, Oklahoma Firefighters and Union have satisfied the individual requirements of 15 U.S.C. § 78u-

4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and selection of Co-Lead Counsel considered and, for the reasons set forth herein, approved by the Court.

### 2. Oklahoma Firefighters and Union Are Precisely the Type of Lead Plaintiffs Congress Envisioned When It Passed the PSLRA

Oklahoma Firefighters and Union are both large institutional investors. The Congressional objective in enacting the lead plaintiff provisions was to encourage large institutional investors to play a more prominent role in securities class actions. See H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); see also Glauser v. EVCI Ctr. Colls. Holding Corp., 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (citation omitted).

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to manage effectively complex securities litigation. Oklahoma Firefighters and Union are precisely the type of lead plaintiffs Congress envisioned when it passed the PSLRA. See H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

Oklahoma Firefighters is a sophisticated institutional investor that is familiar with securities litigation, representing classes in such actions and the provisions governing the appointment of lead plaintiffs in PSLRA actions. It manages assets in excess of $1 billion for over 21,000 current and former firefighters in Oklahoma. Likewise, Union is a large, institutional investor. It is based in Germany and is the holding organization of the Union Investment Group, which has offices in Germany, Switzerland, Luxembourg, Poland, Italy, and Spain. The Union Investment Group ranks among the three leading German fund managers by market share, with fifty years of experience and 1,900 employees. Union's assets under management are over $271 billion.

      **3.**      **Oklahoma Firefighters and Union Have Requisite Financial Interest in the Relief Sought by the Class**

As shown in their Certifications, Oklahoma Firefighters and Union incurred losses of over $18.9 million from their purchases of Pfizer stock during the Class Period. Twersky Decl. Exs. 1 & 2. Upon information and belief, Oklahoma Firefighters and Union have the largest financial interest in the relief sought by the Class of any Class member who has appeared, and are presumptively the most adequate plaintiffs to serve as Lead Plaintiff.

      **4.**      **Oklahoma Firefighters and Union Otherwise Satisfy the Requirements of Rule 23**

The PSLRA requires that a lead plaintiff, in addition to having the largest financial interest, must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)(cc).

Rule 23(a) requires that: (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In deciding a lead plaintiff motion, the Court should limit its

inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. See Glauser, 236 F.R.D. at 188 ("Typicality and adequacy of representation, however, 'are the only provisions relevant to a determination of lead plaintiff under the PSLRA.'") (quoting Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998)). Also, at the lead plaintiff stage, the moving party need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. Id.

The typicality requirement is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality exists if the "claims of the Lead Plaintiff arise from the same event or course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." Glauser, 236 F.R.D. at 188-89 (citing Dietrich v. Bauer, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)); see also In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992). Also, a difference in the factual situations of class members alone does not defeat typicality under Rule 23(a)(3). See Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988). Thus, courts have repeatedly held that typicality is satisfied in securities class actions when the class representatives, like all other class members, purchased the subject stock during the relevant time period at prices that they allege were artificially inflated by false and misleading statements by defendants and allegedly suffered damages. See, e.g., Glauser, 236 F.R.D. at 189; In re Sprint Corp. Sec. Litig., 164 F. Supp. 2d 1240, 1243-44 (D. Kan. 2001); Chisholm v. Transouth Fin. Corp., 184 F.R.D. 556, 563 (E.D. Va. 1999).

8

Oklahoma Firefighters' and Union's claims are typical of those of the putative class. Both purchased Pfizer securities during the Class Period at prices artificially inflated and distorted by Defendants' misrepresentations and omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when it is established that a representative party "will fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). This requirement is met when the proposed Lead Plaintiff "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." Glauser, 236 F.R.D. at 189.

Oklahoma Firefighters and Union are adequate representatives of the class. Their interests are clearly aligned with the interests of the class members because they, like other class members, paid artificially inflated prices due to Defendants' materially false and misleading statements. There is no antagonism between their interests and those of the putative class. Finally, both Oklahoma Firefighters and Union have taken significant steps demonstrating that they will protect the interests of the class: (1) both have executed sworn certifications detailing their Class Period transactions and expressing their willingness to serve as Lead Plaintiff; (2) they timely moved this Court for appointment as Lead Plaintiff; and (3) they have retained competent and experienced counsel to prosecute these claims.

Also, both Oklahoma Firefighters and Union have substantial experience in serving as lead plaintiffs under the PSLRA. They currently serve together as Lead Plaintiff in the Medtronic Action. Also, Oklahoma Firefighters has recently served as Lead Plaintiff in Stocke

v. Shuffle Master, No. 07 Civ. 00715-KJD-RJJ (D. Nev) and <u>In re Sunrise Senior Living Inc. Sec. Litig.</u>, No. 07 Civ. 102-RBW (D. D.C.), both of which were resolved with favorable recoveries for harmed investors. Union likewise has significant experience serving as a lead plaintiff in class action lawsuits alleging violations of the federal securities laws, including serving as Lead Plaintiff in <u>In re Dell Inc., Securities Litigation</u>, No. 06-cv-726 (W.D. Tex.) ($40 million settlement while on appeal to the Fifth Circuit after district court dismissal).

Representatives of Oklahoma Firefighters and Union convened a conference call to discuss the litigation and the possibility of working together to prosecute jointly the claims on behalf of the Class. <u>See</u> Joint Decl. ¶ 5, Twersky Decl. Ex. 4. They each recognized that they had suffered significant losses as a result of the fraud at Pfizer and shared common goals in making sure that the action would be vigorously prosecuted against all culpable parties. Specifically, representatives from Oklahoma Firefighters and Union discussed their common interests and shared backgrounds in serving as Lead Plaintiffs under the PSLRA – especially serving together in the <u>Medtronic</u> case. <u>See id.</u> ¶¶ 3, 5-6. They also discussed their shared views concerning litigation strategy and procedures for directing and monitoring counsel to make sure that the action would be litigated efficiently and in a cost-effective manner. <u>See id.</u> ¶ 8. To maintain effective oversight of their counsel, Oklahoma Firefighters and Union directed their counsel to enter into a Joint Prosecution Agreement, which can be submitted in camera at the Court's request, that delegates responsibility among counsel and requires, among other things, that counsel provide regular updates on case developments. <u>See id.</u> Based on their substantial losses and their shared interest in ensuring that the litigation is actively monitored and prosecuted in the best interests of the Class, Oklahoma Firefighters and Union decided to join together to seek appointment as Lead Plaintiff.

Oklahoma Firefighters and Union are fully informed of and appreciate the duties in serving as fiduciaries to all members of the Class, and are committed to fulfilling those responsibilities. See id. ¶¶ 7-10. Also, both Oklahoma Firefighters and Union have ample resources, including dedicated staff with the legal, financial, and organizational expertise to oversee effectively this proceeding and direct outside counsel. See id. ¶ 3. The Class will benefit from the sophistication, expertise, and resources that Oklahoma Firefighters and Union bring to this litigation.

In addition, as shown below, Oklahoma Firefighters' and Union's proposed counsel are highly qualified, experienced and able to conduct this complex litigation vigorously and in a professional manner. Thus, the adequacy requirements of Rule 23 have been satisfied.

## II. THE COURT SHOULD APPROVE OKLAHOMA FIREFIGHTERS' AND UNION'S CHOICE OF COUNSEL

The PSLRA provides that the lead plaintiff shall, subject to court approval, select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v); Glauser, 236 F.R.D. at 190. A court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Oklahoma Firefighters and Union have selected the law firms of Abraham, Fruchter & Twersky and Motley Rice as proposed Co-Lead Counsel. Abraham, Fruchter & Twersky has previously practiced before this Court and has the commitment and ability to accomplish the required tasks since the firm and its attorneys have extensive experience and are highly competent in prosecuting similar actions. Motley Rice members also have substantial experience in the prosecution of shareholder and securities class actions.[7] (Firm resumes for proposed Co-Lead Counsel are attached as Exhibits 5 & 6 to the

---

[7] As the district court noted when appointing Motley Rice Co-Lead Counsel in Marsden v. Select Medical Corp., No. 04-4020 (E.D. Pa. Order entered Oct. 5, 2006), "Motley Rice LLC possess[es] the requisite knowledge and skill in securities litigation to ably prosecute this matter on behalf of the class."

11

Twersky Decl.) Therefore, the Court should approve Oklahoma Firefighters' and Union's selection of counsel.

## CONCLUSION

For all of the above reasons, Oklahoma Firefighters and Union respectfully request that the Court: (1) appoint Oklahoma Firefighters and Union as Lead Plaintff and (2) approve their selection of Abraham, Fruchter & Twersky and Motley Rice as Co-Lead Counsel.

Dated: July 12, 2010

        ABRAHAM, FRUCHTER & TWERSKY, LLP

By: */s/ Mitchell M.Z. Twersky*
    Mitchell M.Z. Twersky (MT-6739)
    mtwersky@aftlaw.com
    Lawrence D. Levit (LL-9507)
    llevit@aftlaw.com
    One Penn Plaza, Suite 2805
    New York, NY 10119
    Tel: (212) 279-5050
    Fax: (212) 279-3655

    William H. Narwold (WN-1713)
    bnarwold@motleyrice.com
    MOTLEY RICE LLC
    One Corporate Center
    20 Church Street, 17th Floor
    Hartford, CT 06103
    Tel: (860) 882-1676
    Fax: (860) 882-1682

                MOTLEY RICE LLC
                Joseph F. Rice
                jrice@motleyrice.com
                James M. Hughes
                jhughes@motleyrice.com
                William S. Norton
                bnorton@motleyrice.com
                28 Bridgeside Boulevard
                Mount Pleasant, SC 29464
                Tel: (843) 216-9000
                Fax: (843) 216-9450

                [Proposed] Co-Lead Counsel