UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY K. JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>PFIZER INC., et al.,<br><br>     Defendants. | Civil Action No. 1:10-cv-03864-AKH<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF STICHTING PHILIPS PENSIOENFONDS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |

571101_1

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND ................................................................................................1

III. ARGUMENT .........................................................................................................................3

    A. Philips Pensioenfonds Should Be Appointed as Lead Plaintiff .............................3

        1. This Motion Is Timely ................................................................................4

        2. Philips Pensioenfonds Has the Largest Financial Interest in the Relief Sought by the Class ..............................................................4

        3. Philips Pensioenfonds Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ..............................................................4

    B. The Court Should Approve Philips Pensioenfonds's Selection of Counsel ............6

IV. CONCLUSION .....................................................................................................................7

Proposed lead plaintiff Stichting Philips Pensioenfonds ("Philips Pensioenfonds") respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I. INTRODUCTION

Presently pending in this district is a securities class action lawsuit on behalf of all purchasers of the publicly traded securities of Pfizer Inc. ("Pfizer" or the "Company") between January 19, 2006 and January 23, 2009 (the "Class Period"), who were damaged thereby against Pfizer and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act"). In securities class actions, the PSLRA requires district courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(i). Philips Pensioenfonds should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Philips Pensioenfonds's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

Pfizer is a pharmaceutical company engaged in the discovery, development, manufacture, and marketing of prescription medicines for humans and animals worldwide. The Company is also involved in the contract manufacturing and bulk pharmaceutical chemicals businesses, serving

doctors, nurse practitioners, physician assistants, pharmacists, hospitals, pharmacy benefits managers, managed care organizations, and government agencies.

At various times during the Class Period, Pfizer manufactured, marketed, and sold many types of drugs, including Bextra, an anti-inflammatory, Geodon, an anti-psychotic, Zyvox, an antibiotic, and Lyrica, an anti-epileptic drug. During the Class Period, defendants misled investors by failing to disclose that they were engaged in an ongoing course of conduct designed to illegally promote the sale of Pfizer drugs. By such conduct, Pfizer caused hundreds of millions of dollars in false or fraudulent claims to be submitted to several federal healthcare programs, thus exposing the Company to untold legal liability. Specifically, defendants failed to disclose the following materially adverse facts:

- From February 1, 2002 through April 30, 2005, Pfizer illegally promoted the sales and use of Bextra for conditions (including acute pain and various types of surgical pain) and at dosages other than those for which its use was approved by the FDA. Pfizer also offered and paid illegal kickbacks to healthcare professionals to induce them to promote and prescribe Bextra. As a result of this conduct, Pfizer knowingly caused false or fraudulent claims for Bextra to be submitted to, or caused purchases by, Medicaid and other federal healthcare programs.

- From February 1, 2001 through December 31, 2007, Pfizer illegally promoted the sales and use of Geodon for conditions (including depression, bipolar maintenance, mood disorder, anxiety, aggression, dementia, attention deficit hyperactivity disorder, obsessive compulsive disorder, autism, and post-traumatic stress disorder) and at dosages other than those for which its use was approved by the FDA. Pfizer also offered and paid illegal kickbacks to healthcare professionals to induce them to promote and prescribe Geodon. As a result of this conduct, Pfizer knowingly caused false or fraudulent claims for Geodon to be submitted to, or caused purchases by, Medicaid and other federal healthcare programs.

- From February 1, 2001 through February 28, 2008, Pfizer illegally promoted the sales and use of Zyvox for conditions (including infections caused by methicillin-resistant Staphylococcus aureus ("MRSA") generally, rather than only those types of MRSA for which Zyvox was FDA-approved) and at dosages other than those for which its use was approved by the FDA. Pfizer also offered and paid illegal kickbacks to healthcare professionals to induce them to promote and prescribe Zyvox. As a result of this conduct, Pfizer knowingly caused false or fraudulent

- claims for Zyvox to be submitted to, or caused purchases by, Medicaid and other federal healthcare programs.

- From September 1, 2005 through October 31, 2008, Pfizer illegally promoted the sales and use of Lyrica for conditions (including chronic pain, certain types of neuropathic pain, peri-operative pain, and migraine) and at dosages other than those for which its use was approved by the FDA. Pfizer also offered and paid illegal kickbacks to healthcare professionals to induce them to promote and prescribe Lyrica. As a result of this conduct, Pfizer knowingly caused false or fraudulent claims for Lyrica to be submitted to, or caused purchases by, Medicaid and other federal healthcare programs.

On January 26, 2009, Pfizer announced that it was paying **$2.3 billion** to resolve several ongoing investigations – an amount the DOJ characterized as the "***largest health care fraud settlement in the history of the Department of Justice***." These investigations included the improper promotion of and kickbacks involving Bextra, Geodon, Zyvox and Lyrica. After the cost of resolving these investigations became public, the price of Pfizer common stock declined from $17.45 at the previous trading day's close to $15.65 on January 26, 2009, as the artificial inflation caused by defendants' false and misleading statements came out of the stock price.

### III.   ARGUMENT

#### A.   Philips Pensioenfonds Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

- 3 -

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Philips Pensioenfonds meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice published in this action on May 11, 2010 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from May 11, 2010, or July 10, 2010. *See* Declaration of David A. Rosenfeld in Support of Philips Pensioenfonds's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. 1. July 10 was a Saturday. Pursuant to Rule 6(a)(1)(c), July 12, 2010 is the next day that is not a "Saturday, Sunday, or legal holiday," and this Motion is therefore timely filed and Philips Pensioenfonds is entitled to be considered for appointment as lead plaintiff.

### 2. Philips Pensioenfonds Has the Largest Financial Interest in the Relief Sought by the Class

Philips Pensioenfonds lost approximately $21 million in connection with its Class Period purchases of Pfizer stock. *See* Rosenfeld Decl., Exs. 2, 3. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, Philips Pensioenfonds satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Philips Pensioenfonds Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-

- 4 -

4(a)(3)(B)(iii)(I)(cc). "'[A]t this stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met.'" *In re Elan Corp. Sec. Litig.*, 2009 WL 1321167, at *2 (S.D.N.Y. 2009) (Hellerstein, J.) (citation omitted).

"Typicality exists where each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at *2 (citation omitted). Philips Pensioenfonds satisfies this requirement because, just like all other proposed class members, it purchased Pfizer securities on a U.S. exchange during the Class Period in reliance upon the false and misleading statements issued by defendants and suffered damages thereby, as did the other members of the purported class. *See* Rosenfeld Decl., Ex. 2. Thus, Philips Pensioenfonds's claims arise from the same factual predicate as those of other class members and the Court should find Philips Pensioenfonds satisfies Rule 23's typicality requirement.

"In assessing adequacy, the court should consider: '(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members.'" *Elan*, 2009 WL 1321167, at *2 (citation omitted). Philips Pensioenfonds also satisfies the adequacy requirement. Philips Pensioenfonds, with approximately €13 billion in assets under management, is one of the largest and among the oldest existing corporate pension funds in the Netherlands. Philips Pensioenfonds' history dates back to 1913 and has approximately 110,000 active employees and members and provides retirement benefits to approximately 60,000 retirees. Philips Pensioenfonds purchased Pfizer stock in the U.S. on the New York Stock Exchange. Philips Pensioenfonds has declared its ability and willingness to prosecute this action by filing the requisite certifications and retaining qualified counsel. *See* Rosenfeld Decl., Exs. 2, 4. Philips Pensioenfonds is not subject to unique defenses and there is no evidence that Philips Pensioenfonds seeks anything other than the

greatest recovery for the class consistent with the merits of the claims.  Furthermore, as discussed below, Philips Pensioenfonds has selected qualified and experienced counsel, Robbins Geller, to serve as lead counsel for the class.

Thus, Philips Pensioenfonds satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### B.     The Court Should Approve Philips Pensioenfonds's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Philips Pensioenfonds has selected Robbins Geller to serve as lead counsel.  Robbins Geller "has been praised for the quality of its representation by several judges in various parts of the country."  *In re Orion Sec. Litig.*, 2008 U.S. Dist. LEXIS 55368, at *17 (S.D.N.Y. 2008) (Sullivan, J.); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) ("The experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country.").  As such, the Court should find that Robbins Geller "is well qualified to serve as lead counsel in this matter."  *Orion*, 2008 U.S. Dist. LEXIS 55368, at *18; *see also Elan*, 2009 WL 1321167, at *3 (approving institutional investor's selection of Robbins Geller attorneys as lead counsel); Rosenfeld Decl., Ex. 4.  Accordingly, Philips Pensioenfonds's selection of Robbins Geller as lead counsel should be approved.

## IV. CONCLUSION

Philips Pensioenfonds has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Philips Pensioenfonds respectfully requests that the Court appoint Philips Pensioenfonds as Lead Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED: July 12, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
HENRY ROSEN
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

Dennis J. Block
Gregory A. Markel
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 12, 2010.

    s/ DAVID A. ROSENFELD
    DAVID A. ROSENFELD

    ROBBINS GELLER RUDMAN
        & DOWD LLP
    58 South Service Road, Suite 200
    Melville, NY  11747
    Telephone:  631/367-7100
    631/367-1173 (fax)

    E-mail:  drosenfeld@rgrdlaw.com

571101_1

## Mailing Information for a Case 1:10-cv-03864-AKH

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joe Kendall**
  administrator@kendalllawgroup.com,jkendall@kendalllawgroup.com,hlindley@kendalllawgroup.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine J. Kowalewski
Robbins Geller Rudman & Dowd LLP (San Diego)
655 West Broadway
Suite 1900
San Diego, CA 92101

Hamilton Lindley
Provost, Umphrey Law Firm-Dallas
3232 McKinney Ave.
Suite 700
Dallas, TX 75204

Darren J. Robbins
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

David C. Walton
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P.
655 W. Broadway
Suite 1900
San Diego, CA 92101-3301
```