# EXHIBIT B

**Plaintiffs' Brief Statement of Claims**

Plaintiffs claim on behalf of themselves and a class of Pfizer Inc. ("Pfizer" or the "Company") investors (the "Class"), that during the period from January 19, 2006 to January 23, 2009 (the "Class Period") Pfizer and defendants made a series of materially false and misleading statements to investors regarding Pfizer's business and financial condition in violation of §10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission ("SEC"), 17 C.F.R. §240.10b-50.  *Matrixx Initiatives, Inc. v. Siracusano*, __ U.S. __, 131 S. Ct. 1309, 1317 (2011) (setting forth elements of a §10(b) claim); *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988) (the materiality requirement is satisfied when there is "'a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available'") (citation omitted); *In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206, 238 (S.D.N.Y. 2010) (the "incongruity between word and deed establishes a strong inference of scienter"); *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 172 (2d Cir. 2005) (loss causation is the "'causal link between the alleged misconduct and the economic harm ultimately suffered'") (citation omitted).  These misstatements were set forth in, among other things, filings made by Pfizer with the SEC, press releases as well as during analyst and investor conferences.  Plaintiffs also allege that Pfizer as well as the individual defendants Henry A. McKinnell, Jeffrey B. Kindler, Alan G. Levin, Frank D'Amelio, Ian C. Read and Allen Waxman are liable as control persons under §20(a) of the 1934 Act for directly or indirectly controlling any person liable for a violation of §10(b) of the 1934 Act.  15 U.S.C. §78t(a); 17 C.F.R. §240.12b-2 ("control" is "the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise"); *Janus Capital Grp. Inc. v. First Derivative Traders*, __ U.S. __, 131 S.

1

991354_1

Ct. 2296, 2304 (2011) (Congress "established liability in §20(a) for '[e]very person who, directly or indirectly, controls any person liable' for violations of the securities laws.") (citation omitted).

Specifically, plaintiffs allege that, during the Class Period, Pfizer's publicly reported financial results were materially misleading, because, among other things, they materially overstated Pfizer's earnings as a result of the failure to take a reserve for contingent liabilities relating to government investigations into the off-label promotion of Pfizer's drugs – Bextra, Lyrica, Geodon and Zyvox. 15 U.S.C. §78j(b). Further, Pfizer's Legal Proceedings and Contingencies disclosures in the Company's SEC filings omitted material facts required to be stated therein to make said statements not misleading including, the true nature of the contingent liabilities Pfizer faced as a result of the off-label promotion of its drugs. *Caiola v. Citibank, N.A.*, 295 F.3d 312, 331 (2d Cir. 2002) (when a corporation chooses to speak, it has a "duty to be both accurate and complete"); *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 (2d Cir. 2000) (in order for half-truths not to be misleading they must inform investors "'with a degree of intensity and credibility sufficient to counter-balance effectively any misleading information created by' the alleged misstatements") (citation omitted); *United Paperworkers Int'l Union v. Int'l Paper Co.*, 985 F.2d 1190, 1200-01 (2d Cir. 1993) (duty to disclose conduct which involved felonies, enormous potential fines, breach of prior settlements and government exclusion). This includes defendants' assurances to investors in its disclosures that Pfizer had "substantial defenses" to the government investigations of Bextra and other drugs. *In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206, 235, 240 (S.D.N.Y. 2010) (statements indicating that Citigroup had minimal exposure and concealed the full extent of the company's exposure were actionable); *In re Bristol Myers Squibb Co. Sec. Litig.*, 586 F. Supp. 2d 148, 160-61 (S.D.N.Y. 2008) (company's assertion that it "would 'vigorously pursue' its patent rights" was not accurate or complete).

Defendants also made representations to investors that were incorporated in the Company's SEC filings regarding Pfizer's compliance with United States Food and Drug Administration ("FDA") rules and regulations regarding the promotion of Pfizer's drugs that were materially misleading, because, among other things, they did not disclose that Pfizer had and continued to violate the FDA's restrictions on the promotion of drugs. *Lapin v. Goldman Sachs Grp., Inc.*, 506 F. Supp. 2d 221, 240 (S.D.N.Y. 2006) (it defies logic to suggest an investor would not rely on a company's stated business principles regarding compliance with laws). In addition, Pfizer issued a press release stating that Pfizer had the internal controls to "guard against" off-label promotion that was materially misleading for the same reasons. *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10 Civ. 3461 (PAC), 2014 U.S. Dist. LEXIS 85683, at *16-*17 (S.D.N.Y. June 23, 2014) ("representations about its purported controls [that are] directly at odds with its alleged conduct" are actionable). Defendants also made public statements to investors regarding Pfizer's drugs that were materially misleading, because, among other things, they did not disclose that the unlawful promotion of those drugs was a source of the drugs' success. *McMahan & Co. v. Wherehouse Entm't*, 900 F.2d 576, 579 (2d Cir. 1990) ("[T]he disclosure required by the securities laws is measured not by literal truth, but by the ability of the material to accurately inform rather than mislead prospective buyers."); *In re Van Der Moolen Holding N.V. Sec. Litig.*, 405 F. Supp. 2d 388, 400-01 (S.D.N.Y. 2005) (once a company "puts the topic of the cause of its financial success at issue, then it is 'obligated to disclose information concerning the source of its success'") (citation omitted); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1052 (9th Cir. 2008) (finding actionable defendants failure to disclose off-label sales where defendants touted the drug as the driver of its earnings).

As a result of these false statements and material omissions, plaintiffs contend that the prices of Pfizer's common stock were artificially inflated, and that members of the Class were damaged as a result. 15 U.S.C. §78bb(a); *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 155 (1972) (§28(a) of the 1934 Act provides the "correct measure of damages").