EXHIBIT B.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARY K. JONES, Individually and on Behalf of All Others
Similarly Situated,

      Plaintiff,

   – vs–

PFIZER INC., HENRY A. MCKINNELL, JEFFREY B.
KINDLER, FRANK D'AMELIO, ALAN G. LEVIN, IAN C.
READ, and ALLEN WAXMAN,

      Defendants.

> Defendants' Amended
> Answer Marked by
> Plaintiffs as Admitted,
> Denied, Withdrawn or
> Previously Determined

Case No. 10-cv-03864
(AKH)

ECF Case

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' FIRST
## AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Pfizer Inc. ("Pfizer"), and Henry A. McKinnell, Jeffrey B. Kindler,

Frank D'Amelio, Alan G. Levin, Ian C. Read, and Allen Waxman (the "Individual Defendants")

(collectively, with Pfizer, the "Defendants") by and through their undersigned counsel, as and for

their Answer to the First Amended Consolidated Class Action Complaint (the "Complaint") of

Mary Jones ("Jones") and Stichting Philips Pensioenfonds ("Lead Plaintiff," together with Jones,

"Plaintiffs"), hereby state as follows:

### GENERAL DENIAL

Except as otherwise expressly admitted in the paragraphs below, Defendants deny

each and every allegation in the Complaint, and specifically deny any and all wrongdoing and/or

liability to Plaintiffs and members of the purported class of persons on whose behalf this action

is said to be brought. To the extent any allegation in the Complaint is not specifically and

expressly admitted, it is denied. No statement herein constitutes a comment on the legal theories

upon which Plaintiffs purport to proceed. To the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer, and this Answer contains no response to legal contentions other than their general denial. To the extent any response is required to the table of contents, headings, footnotes or other unnumbered paragraphs in the Complaint, Defendants deny all allegations of wrongdoing and/or liability to Plaintiffs contained therein.

Individual Defendant McKinnell denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation concerning facts, events or statements made after his departure from Pfizer in February 2007.

Individual Defendant D'Amelio denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation concerning facts, events or statements made before his arrival to Pfizer in September 2007.

Individual Defendant Levin denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation concerning facts, events or statements made after his departure from Pfizer in September 2007.

Individual Defendant Waxman denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation concerning facts, events or statements made after his departure from Pfizer in March 2008.

### SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE COMPLAINT

1.      Defendants deny the allegations contained in Paragraph 1 and footnote 1 of the Complaint, except admit that on January 26, 2009, Pfizer announced, among other things, a $2.3 billion pre-tax and after-tax charge resulting from an agreement in principle with the Office of Michael Sullivan, the United States Attorney for the District of Massachusetts, to resolve previously disclosed investigations regarding allegations of past off-label promotional practices

concerning Bextra, as well as other open investigations; and that the price of shares of Pfizer's stock declined on January 26, 2009.

2.    Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that in 2004, Warner Lambert Company LLC agreed to pay a $240 million criminal penalty and plead guilty to two counts of violating the U.S. Food, Drug and Cosmetic Act ("FDCA") relating to its promotion of Neurontin prior to its acquisition by Pfizer ("Neurontin Criminal Settlement"); that in 2004, in connection with resolving government investigations regarding Warner Lambert Company LLC's promotion of Neurontin prior to its acquisition by Pfizer, Pfizer and Warner Lambert Company LLC agreed to pay a $190 million civil penalty ("Neurontin Civil Settlement"); and respectfully refer the Court to these settlements for their complete content.

3.    Defendants deny the allegations contained in Paragraph 3 of the Complaint, except admit that marketing and sale of drugs is regulated by the FDCA as administered by the U.S. Food and Drug Administration ("FDA"), and aver that the FDCA does not prohibit a physician from prescribing a drug for a non-FDA-approved use.

4.    Defendants deny the allegations contained in Paragraph 4 of the Complaint, except admit that the promotion by a drug company of off-label or unapproved uses is sometimes referred to as "off-label" marketing.

5.    Defendants deny the allegations contained in Paragraph 5 and footnote 2 of the Complaint, except admit that, in June 2000, Pfizer acquired Warner-Lambert; in 2004, Warner Lambert Company LLC agreed to the Neurontin Criminal Settlement and Pfizer and Warner Lambert Company LLC agreed to the Neurontin Civil Settlement; and that Pfizer executed a Corporate Integrity Agreement ("CIA") in connection with the Neurontin Civil Settlement; and

respectfully refer the Court to the CIA (attached as Exhibit 1 to the Complaint) and the settlement agreements for their complete content.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint, and respectfully refer the Court to the cited Bloomberg article for its complete content.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint, except admit that one of Pfizer's in-house counsel made a PowerPoint presentation at the Health Care Compliance Association 2005 Annual Compliance Institute, and respectfully refer the Court to the cited document for its complete content.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint, except admit that the FDA declined to approve Bextra to treat acute pain generally, and that in April 2005, Pfizer, in consultation with the FDA, voluntarily withdrew Bextra from the market based on data regarding Stephens Johnson Syndrome adverse events, a rare condition specifically referenced in the Bextra label.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint, except admit that Pfizer received approval from the FDA to market Geodon for schizophrenia, manic bipolar episodes and schizophrenia-related intramuscular pain.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint, except admit that Pfizer received a letter from the FDA in 2005 concerning the use of certain retrospective analyses of Zyvox data to make a comparative claim with respect to vancomycin in a journal advertisement; and that, while disagreeing with the July 2005 letter, Pfizer responded, among other steps, by informing the FDA that it would cease to use the journal advertisement.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint, except admit that Pfizer received approval to market Lyrica for diabetic peripheral neuropathy, posthemetic neuralgia and, in 2007, fibromyalgia.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint, except admit that Pfizer had Policies on Business Conduct ("Blue Book").

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint, except admit that Pfizer received a letter from the FDA in July 2005 concerning the use of certain retrospective analyses of Zyvox data to make a comparative claim with respect to vancomycin in a journal advertisement; and that a September 14, 2009 article in the National Law Journal contains comments attributed to Pfizer's current General Counsel; and Defendants respectfully refer the Court to that article and to the unspecified court filings of Mr. Kindler, Mr. McKinnell, Mr. Feczko, and Mr. Read for their complete content.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint, except admit that Pfizer entered into the CIA with various obligations, and Defendants respectfully refer the Court to the CIA for its complete content.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint, except admit that on January 26, 2009, Pfizer announced, among other things, the settlement of DOJ and certain other federal and state, investigations concerning the marketing and promotion of Bextra, Lyrica, Geodon and Zyvox; that the price of shares of Pfizer's stock declined on

January 26, 2009; that, on January 26, 2009, Pfizer had acquired Wyeth in the largest pharmaceutical company merger in history; that Pfizer's subsidiary Pharmacia & Upjohn Company, Inc. agreed with the DOJ to resolve government investigations into its marketing and sales of Bextra and to pay a $1.3 billion criminal penalty (the "2009 Pharmacia Agreement"); and that Pfizer agreed to resolve certain government investigations into its marketing and sales of Bextra, Geodon, Lyrica and Zyvox, including making a $1 billion civil payment ("2009 Settlement Agreement").

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint, except admit that Plaintiffs purport to base jurisdiction and venue on the statutes cited, and that Pfizer's headquarters are located in New York, New York.

21.     Defendants deny having knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 21 of the Complaint regarding the alleged purchases, except deny that Lead Plaintiff was damaged by such purchases.

22.     Defendants deny having knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 22 of the Complaint regarding the alleged purchases, except deny that Jones was damaged by such purchases.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint, except admit that Pfizer is a pharmaceutical company headquartered in New York, New York and that its stock is traded on the NYSE under the symbol PFE.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint, except admit that Jeffrey B. Kindler held, for a time, various positions with Pfizer.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint, except admit that Jeffrey B. Kindler held, for a time, various positions with Pfizer.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint, except admit that Jeffrey B. Kindler held, for a time, various positions with Pfizer, and that Mr. Kindler signed various SEC filings, and respectfully refer the Court to these documents for their complete content.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint, except admit that Henry A. McKinnell held, for a time, various positions with Pfizer, and that Mr. McKinnell signed various SEC filings, and respectfully refer the Court to these documents for their complete content.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint, except admit that Frank D'Amelio held, for a time, various positions with Pfizer, and that Mr. D'Amelio signed various SEC filings, and respectfully refer the Court to these documents for their complete content.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint, except admit that David Shedlarz held, for a time, various positions with Pfizer.  Defendants further note that Plaintiffs dismissed David Shedlarz as a defendant on February 19, 2013.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint, except admit that Alan G. Levin held, for a time, various positions with Pfizer.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint, except admit that Ian C. Read held, for a time, various positions with Pfizer.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint, except admit that J. Patrick Kelly held, for a time, various positions with Pfizer.  Defendants further note that Plaintiffs dismissed J. Patrick Kelly as a defendant on February 19, 2013.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint, except admit that Joseph Feczko held, for a time, various positions with Pfizer. Defendants further note that Plaintiffs dismissed Joseph Feczko as a defendant on February 19, 2013.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint, except admit that Karen Katen held, for a time, various positions with Pfizer. Defendants further note that Plaintiffs dismissed Karen Katen as a defendant on February 19, 2013.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint, except admit that Allen Waxman held, for a time, various positions with Pfizer.

36.     The allegations set forth in Paragraph 36 of the Complaint do not require an answer.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint, except admit that Pfizer was founded in 1849; that Pfizer is in the business of developing, manufacturing and selling pharmaceuticals; and that the FDA regulates the development, manufacturing and sale of pharmaceuticals.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint, except admit that in 2004, Warner Lambert Company LLC agreed to the Neurontin Criminal Settlement; that in 2004, Pfizer and Warner Lambert Company LLC agreed to the Neurontin Civil Settlement; and respectfully refer the Court to the settlements and the cited DOJ press release for their complete content.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint, and respectfully refer the Court to the cited press release for its complete content.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint, except admit that in 2004, Warner Lambert Company LLC agreed to the Neurontin Criminal

Settlement; that in 2004, Pfizer and Warner Lambert Company LLC agreed to the Neurontin Civil Settlement; and respectfully refer the Court to the settlements for their complete content.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint, except admit that, as part of the Neurontin Civil Settlement, Pfizer entered into the CIA, and respectfully refer the Court to the cited press release for its complete content.

42.     Defendants deny the allegations contained in Paragraph 42 and footnote 3 of the Complaint, except admit that, as part of the Neurontin Civil Settlement, Pfizer executed the CIA, and respectfully refer the Court to the CIA for its complete content.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint, and respectfully refer the Court to the CIA for its complete content.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint, and respectfully refer the Court to the CIA for its complete content.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint, except admit that Mr. Kindler was Pfizer's General Counsel at the time of the settlement concerning Neurontin.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint, except admit that Mr. McKinnell wrote a book called "A Call to Action," and respectfully refer the Court to the book for its complete content.

47.     Defendants deny the allegations contained in Paragraph 47 and footnote 4 of the Complaint, except admit that Bextra was launched in April 2002; that Bextra was promoted under a co-promotion agreement between Pharmacia and Pfizer; that Pharmacia submitted a New Drug Application ("NDA") on or about January 15, 2001 seeking approval of Bextra in various doses for all uses; that on November 16, 2001, the FDA approved Bextra at certain doses for

primary dysmenorrhea, osteoarthritis and rheumatoid arthritis but declined to approve Bextra to treat acute pain generally; that qui tam actions asserted allegations of improper sales of Bextra; and respectfully refer the Court to the qui tam complaints for their complete content.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint, except admit that Mary Holloway was a former employee of Pfizer, and respectfully refer the Court to Mary Holloway's Sentencing Memorandum in United States v. Mary Holloway, No. 09-cr-10089 (JGD) (D. Mass.) for its complete content.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint, except admit that in its 2004 Annual Report, Pfizer reported annual sales of Bextra of $1.286 billion, and respectfully refer the Court to Mary Holloway's Sentencing Memorandum in United States v. Mary Holloway, No. 09-cr-10089 (JGD) (D. Mass.) for its complete content.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint, except admit that in April 2005, Pfizer, in consultation with the FDA, voluntarily withdrew Bextra from the market based on data regarding Stephens Johnson Syndrome adverse events, a rare condition specifically referenced in the Bextra label; that Pfizer agreed to the Neurontin Criminal Settlement and Neurontin Civil Settlement; that the 2009 Pharmacia Settlement stated that the pecuniary or gross gain from Pharmacia's offense was $664 million; and respectfully refer the Court to the 2009 Pharmacia Settlement for its complete content.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint, except admit that Pfizer launched Geodon in the first quarter of 2001 in the United States; that Pfizer received FDA approval to market Geodon for schizophrenia, manic bipolar disorder episodes and in an intramuscular formulation; that Pfizer reported revenue from Geodon of $150

million in 2001 and of $854 million in 2007; and respectfully refer the Court to the cited qui tam complaint for its complete content.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint, except admit that Zyvox was approved by the FDA to treat certain types of infections, including nosocomial pneumonia caused by Staphylococcus aurerus (methicillin-susceptible and -resistant strains); that Pfizer received a letter from the FDA in 2005 concerning the use of certain retrospective analyses of Zyvox data to make a comparative claim with respect to vancomycin in a journal advertisement; and that Pfizer agreed to certain facts regarding the marketing of Zyvox as described in Attachment A to the 2009 Settlement Agreement; and respectfully refer the Court to the cited letter, to the qui tam complaint and to Attachment A of the 2009 Settlement Agreement for their complete content.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint, except admit that as part of the 2009 Pharmacia Settlement, Pfizer's subsidiary Pharmacia & Upjohn entered a plea agreement, and respectfully refer the Court to said plea agreement for its complete content.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint, except admit that in August 2009, Pfizer entered into the 2009 Settlement Agreement and agreed as "true and accurate" certain facts regarding Zyvox, and respectfully refer the Court to Attachment A of the 2009 Settlement Agreement for its complete content.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint, except admit that in September 2005, Pfizer began marketing Lyrica for certain FDA-approved uses; that in 2007, Pfizer obtained approval to market Lyrica for treatment of fibromyalgia; that

Pfizer reported revenues from Lyrica of $291 million in 2005 and of $2.573 billion in 2008, and respectfully refer the Court of the cited *qui tam* complaints for their complete content.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint, except admit that Pfizer filed Forms 10-K with the SEC on March 1, 2006, March 1, 2007 and February 29, 2008; Pfizer filed annual proxy statements on Form 14A with the SEC on March 16, 2006, March 15, 2007 and March 14, 2008; and respectfully refer the Court to these documents for their complete content.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint, except admit that Pfizer's Policies on Business Conduct contain an introduction, and respectfully refer the Court thereto for its complete content.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint, except admit that Pfizer filed Forms 10-K with the SEC on March 1, 2006, March 1, 2007 and February 29, 2008; that Pfizer filed annual proxy statements on Form 14A with the SEC on March 16, 2006, March 15, 2007 and March 14, 2008; and respectfully refer the Court to these documents for their complete content.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint, and respectfully refer the Court to the cited document for its complete content.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint, except admit that Pfizer filed Forms 10-K with the SEC on March 1, 2006, March 1, 2007 and February 29, 2008; that Pfizer filed annual proxy statements on Form 14A with the SEC on March 16, 2006, March 15, 2007 and March 14, 2008; and respectfully refer the Court to those documents for their complete content.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint, except admit that Pfizer filed Forms 10-K with the SEC on March 1, 2006, March 1, 2007 and February 29, 2008; that Pfizer filed annual proxy statements on Form 14A with the SEC on March 16, 2006, March 15, 2007 and March 14, 2008; and respectfully refer the Court to those documents for their complete content.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint, except admit that Pfizer issued a Global Policy on Interactions with Healthcare Professionals on May 15, 2005, and respectfully refer the Court to that document for its complete content.

65. Defendants deny the allegations contained in Paragraph 65 and footnote 5 of the Complaint, except admit that Mr. McKinnell, Mr. Levin, Mr. Kindler and Mr. D'Amelio signed certain documents in connection with Pfizer's filing of Forms 10-Q and 10-K, and respectfully refer the Court to those documents for their complete content.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint, except admit that, in 2007, Pharmacia & Upjohn Company Inc. and Pharmacia & Upjohn Company LLC reached separate settlements with the DOJ to address charges relating to Pharmacia's promotion of Genotropin prior to Pfizer's acquisition of Pharmacia; that in connection with these settlements, Pharmacia & Upjohn Company Inc. agreed to pay a $19 7 million criminal penalty and Pharmacia & Upjohn Company LLC agreed to pay a $15 million criminal penalty; and that on or about April 2, 2007, Pfizer issued a press release regarding these settlements, and respectfully refer the Court to the settlements and the press release for their complete content.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint, except admit that, in 2007, Pharmacia & Upjohn Company Inc. and Pharmacia & Upjohn Company LLC reached separate settlements with the DOJ to address charges relating to Pharmacia's promotion of

Genotropin prior to Pfizer's acquisition of Pharmacia; that in connection with these settlements, Pharmacia & Upjohn Company Inc. agreed to pay a $19 7 million criminal penalty and Pharmacia & Upjohn Company LLC agreed to pay a $15 million criminal penalty; and that on or about April 2, 2007, Pfizer issued a press release regarding these settlements, and respectfully refer the Court to the settlements and the press release for their complete content.

68.     Defendants deny the allegations contained in Paragraph 68 and footnote 6 of the Complaint, except admit that Pfizer filed Forms 10-K and 10-Q that contained a section entitled "Legal Proceedings and Contingencies," and respectfully refer the Court to those documents for their complete content.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint, except admit that Pfizer filed its Fiscal Year 2005 Form 10-K with the SEC on March 1, 2006, and respectfully refer the Court to that document for its complete content.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint, except admit that Pfizer filed its Fiscal Year 2006 Form 10-K with the SEC on March 1, 2007, and respectfully refer the Court to that document for its complete content.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint, except admit that Pfizer filed its Third Quarter 2007 Form 10-Q with the SEC on November 5, 2007, and respectfully refer the Court to that document for its complete content.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint, except admit that Pfizer filed its Fiscal Year 2007 Form 10-K with the SEC on February 29, 2008, and respectfully refer the Court to that document for its complete content.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint, except admit that Pfizer filed its Second Quarter 2008 Form 10-Q with the SEC on August 8, 2008, and

respectfully refer the Court to that document for its complete content.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint, except admit that in 2008, Pfizer entered a settlement regarding Bextra and Celebrex; and that on or about October 17, 2008 Pfizer issued a press release, and respectfully refer the Court to those documents for their complete content.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint, and respectfully refer the Court to the cited media reports for their complete content.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint, except admit that Pfizer filed its Third Quarter 2008 Form 10-Q with the SEC on November 7, 2008, and respectfully refer the Court to that document for its complete content.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint, except admit that Pfizer executed the CIA, and respectfully refer the Court to the CIA for its complete content.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 and footnote 10 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 and footnote 11 of the Complaint, except admit that Pfizer's Annual Reports on 10-K for Fiscal Years 2005, 2006 and 2007 contain statements concerning its financial statements, and respectfully refer the Court to those Annual Reports for their complete content.

81. Defendants deny the allegations contained in Paragraph 81 to the Complaint, except admit that, from time to time, Pfizer hosts analyst meetings, and respectfully refer the Court to the transcript from the meeting cited for its complete content.

82.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint, and respectfully refer the Court to the referenced Credit Suisse analyst report for its complete content.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint, and respectfully refer the Court to the referenced press releases, earnings conference call transcripts and other transcripts referred to in Exhibit B for their complete content.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint, and respectfully refer the Court to the referenced documents for their complete content.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint, and respectfully refer the Court to the referenced documents for their complete content.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint, and respectfully refer the Court to the referenced document for its complete content.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint, except admit that Pfizer received a letter from the FDA in 2005 concerning the use of certain retrospective analyses of Zyvox data to make a comparative claim with respect to vancomycin in a journal advertisement, and respectfully refer the Court to the referenced press releases and Attachment A of the 2009 Settlement Agreement for their complete content.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint, except

admit that in 2005, Pfizer reported $598 million from Geodon sales, $291 million from Lyrica sales and $618 million from Zyvox sales.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint, except admit that Pfizer issued a press release on or about January 26, 2009, and respectfully refer the Court to that press release for its complete content.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint, except admit Pfizer had a conference call on or about January 26, 2009, and respectfully refer the Court to the transcript of that conference call for its complete content.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint, except admit, upon information and belief, that the DOJ issued a press release, and respectfully refer the Court to that press release for its complete content.

101.    Defendants deny the allegations contained in Paragraph 101 of the  Complaint, except admit, upon information and belief, that Plaintiffs purport to describe a September 14, 2009 National Law Journal article, and respectfully refer the Court to that article for its complete content.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint, except admit, upon information and belief, that Plaintiffs purport to describe a September 23, 2009 article from the New Haven Register, and respectfully refer the Court to that article for its complete content.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint,

17

except admit, upon information and belief, that Plaintiffs purport to describe the sentencing of Pharmacia, and respectfully refer the Court to the transcript of that matter for its complete content.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint, except admit, upon information and belief, that Plaintiffs purport to describe an article published by Bloomberg, and respectfully refer the Court to that article for its complete content.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint, except admit, upon information and belief, that Plaintiffs purport to describe a February 23, 2010 Business Ethics' article and an April 2, 2010 CNN.com article, and respectfully refer the Court to these articles for their complete content.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint, except admit, upon information and belief, that Plaintiffs purport to describe a February 3, 2010 Bloomberg report and a February 3, 2010 Dow Jones report, and respectfully refer the Court to such reports for their complete content.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint, except admit, upon information and belief, that Plaintiffs purport to describe a March 1, 2010 Life Extension Magazine editorial, and respectfully refer the Court to such editorial for its complete content.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint, except admit, upon information and belief, that Plaintiffs purport to describe an October 3, 2010 New York Times article, and respectfully refer the Court to such article for its complete content.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint, except admit that Plaintiffs refer to two CIAs, and respectfully refer the Court to such documents for their complete content.

18

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint, except admit that in 2002, Pfizer agreed to pay $49 million to resolve a civil investigation into grants made by Warner Lambert Company LLC prior to its acquisition by Pfizer, and that, in connection with this settlement, Pfizer entered into a CIA in 2002, and respectfully refer the Court to these documents for their complete content.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint, except admit that in 2004, Warner Lambert Company LLC agreed to the Neurontin Criminal Settlement; that in 2004, Pfizer and Warner Lambert Company LLC agreed to the Neurontin Civil Settlement, and respectfully refer the Court to the settlements for their complete content; that in 2004 Pfizer entered into a CIA; and respectfully refer the Court to the CIA for its complete content.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint, except admit that the CIA imposed certain obligations on Pfizer, and respectfully refer the Court to the CIA for its complete content.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint, except admit that the CIA imposed certain obligations on Pfizer, and respectfully refer the Court to the CIA for its complete content.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint, except admit that the CIA imposed certain obligations on Pfizer, and respectfully refer the Court to the CIA for its complete content.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint, except admit that the CIA imposed certain obligations on Pfizer, and respectfully refer the Court to the CIA for its complete content.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint,

except admit that Pharmacia plead guilty to certain charges as part of the 2009 Pharmacia Agreement; that Plaintiffs purport to describe a plea agreement and an Information; and respectfully refer the Court to those documents for their complete content.

117.     Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.     Defendants deny the allegations contained in Paragraph 118 of the Complaint, except admit that Pfizer had a Blue Book, and respectfully refer the Court to that document for its complete content.

119.     Defendants deny having knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 119 of the Complaint, and respectfully refer the Court to the unspecified PowerPoint presentation for its complete content.

120.     Defendants deny the allegations contained in Paragraph 120 of the Complaint, except admit that Pfizer had a Blue Book, and respectfully refer the Court thereto for its complete content.

121.     Defendants deny the allegations contained in Paragraph 121 of the Complaint, except admit that a number of qui tam complaints were filed, and respectfully refer the Court to such complaints for their complete content.

122.     Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.     Defendants deny the allegations contained in Paragraph 123 of the Complaint, except admit that, from time to time, Mr. McKinnell participated in conference calls, and respectfully refer the Court to the transcript of the cited call for its complete content.

124.     Defendants deny the allegations contained in Paragraph 124 of the Complaint, except admit that executive compensation was disclosed in Pfizer's annual proxy statements lodged with the SEC on Form 14-A for fiscal years 2007, 2008 and 2009, and respectfully refer the Court

to such documents for their complete content.

125.     Defendants deny the allegations contained in Paragraph 125 of the Complaint, except admit that executive compensation was disclosed in Pfizer's annual proxy statements lodged with the SEC on Form 14-A, and respectfully refer the Court to such documents for their complete content.

126.     Defendants deny the allegations contained in Paragraph 126 of the Complaint, except admit that executive compensation was disclosed in Pfizer's annual proxy statements lodged with the SEC on Form 14-A, and respectfully refer the Court to such documents for their complete content.

127.     Defendants deny the allegations contained in Paragraph 127 and footnote 12 of the Complaint, except admit that executive compensation was disclosed in Pfizer's annual proxy statements lodged with the SEC on Form 14-A for the years 2006 through 2008, and respectfully refer the Court to such documents for their complete content.

128.     Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.     Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.     Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.     Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.     Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.     Defendants deny the allegations contained in Paragraph 133 and footnote 13 of the Complaint.

134.     Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.     Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.     Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.   Defendants deny the allegations contained in Paragraph 137 of the Complaint, except admit that the merger of Pfizer and Wyeth was transformative, and respectfully refer the Court to the transcript of the cited conference call for its complete content.

138.   Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.   Defendants deny the allegations contained in Paragraph 139 of the Complaint, and respectfully refer the Court to the cited article for its complete content.

140.   Defendants deny the allegations contained in Paragraph 140 of the Complaint, and respectfully refer the Court to the cited articles for their complete content.

141.   Defendants deny the allegations contained in Paragraph 141 of the Complaint, and specifically deny having knowledge or information sufficient to form a belief as to what Plaintiffs will or will not rely on.

142.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint.

143.   Defendants deny the allegations of Paragraph 143 of the Complaint, except admit that Plaintiffs purport to bring this action as a class action.

144.   Defendants deny the allegations contained in Paragraph 144 of the Complaint, except admit that, as purportedly defined, the proposed class would contain numerous members; that Pfizer is traded on the New York Stock Exchange and had 6,745,269,668 shares of common stock outstanding as of February 13, 2009; and that Pfizer and its transfer agent maintain certain records of shareholders.

145.   Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.   Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.   Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.    Defendants repeat and reallege each and every admission, denial and averment contained therein in response to Paragraphs 1 through 148 of the Complaint and in the General Denial of the Answer.

150.    Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151.    Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants repeat and reallege each and every admission, denial and averment contained therein in response to Paragraphs 1 through 157 of the Complaint and in the General Denial of the Answer.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny any wrongdoing and, except as expressly admitted in Paragraphs 1 through 159 above, deny all allegations of Plaintiffs' Complaint, and specifically deny that Plaintiffs are entitled to any of the relief prayed for against Defendants.

## DEFENSES

Defendants offer the following Defenses in response to the allegations set forth in Plaintiffs' Complaint. Defendants reserve the right to amend this Answer, to amend, modify and/or

supplement its Defenses, and to plead and assert additional Defenses as they become known and appropriate during the course of the litigation, including without limitation any Defenses that may arise as a result of any findings, conclusions, or other action taken. The statement of any Defense does not assume the burden of proof on any issue as to which applicable law places the burden on Plaintiffs. To the extent that any of the Defenses asserted herein or to be asserted in the future is mutually exclusive with another Defense asserted herein or to be asserted in the future, such Defense is asserted in the alternative to the other.

### FIRST DEFENSE

> Denied; Previously Determined in MTD Order on 8/10/11

The Complaint fails to state any claim against one or more of the Defendants upon which relief can be granted.

### SECOND DEFENSE

> Denied

The Complaint fails to state a claim against one or more of the Defendants identified in Claim I because such Defendants are not ultimately responsible for the statements at issue and therefore cannot be liable to Plaintiffs as a matter of law.

### THIRD DEFENSE

> Denied; Previously Determined in MTD Order on 8/10/11

The Complaint fails to state a claim upon which relief can be granted against one or more of the Defendants because of a lack of scienter.

### FOURTH DEFENSE

> Denied; Previously Determined in MTD Order on 8/10/11

The Complaint fails to state a claim upon which relief can be granted against one or more of the Defendants because of a lack of materiality.

### FIFTH DEFENSE

> Denied; Previously Determined in MTD Order on 8/10/11

The Complaint fails to state a claim upon which relief can be granted against one or more of the Defendants because of a lack of transaction causation, and Plaintiffs cannot prove

24

transaction causation.

## SIXTH DEFENSE

> Denied; Previously Determined in MTD Order on 8/10/11

The Complaint fails to state a claim upon which relief can be granted against one or more of the Defendants because of a lack of loss causation, and Plaintiffs cannot prove loss causation.

## SEVENTH DEFENSE

> Withdrawn

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## EIGHTH DEFENSE

> Withdrawn

Plaintiffs' claims are barred in whole or in part because of the doctrines of claim and/or issue preclusion.

## NINTH DEFENSE

> Denied

All alleged untrue statements of material fact, alleged omissions of material fact, alleged misleading statements or other challenged statements are rendered non-actionable by the common law bespeaks caution doctrine and/or the forward-looking statement exception of the Private Securities Litigation Reform Act.

## TENTH DEFENSE

> Denied; Plaintiffs admit that defendants are only liable for the statements/ omissions during the time they were affiliated with Pfizer.

The Complaint fails to state a claim upon which relief can be granted against those Individual Defendants who left the company before the end of the Class Period and therefore had no knowledge or role in any alleged conduct after such departure.

## ELEVENTH DEFENSE

> Denied

The claims alleged in the Complaint are barred, in whole or in part, to the extent that they seek to impose upon Defendants disclosure obligations that are inconsistent with, or in excess

of, those imposed pursuant to the federal securities laws, including the Securities Exchange Act of 1934 (the "1934 Act") and the rules and regulations promulgated thereunder by the Securities and Exchange Commission.

> Denied; evidence of this defense should not be permitted as it is deficient as a matter of law

### TWELFTH DEFENSE

To the extent the Complaint asserts claims against Defendants based on any statements attributable to them, such statements were made in good faith, in the belief that such statements were accurate, that there was no omission of a material fact required to be stated therein or necessary to make the statements therein not misleading, and that such statements were proper in all respects.

### THIRTEENTH DEFENSE

> Denied

Defendants Pfizer, Kindler, McKinnell, D'Amelio, Levin, Read, and Waxman are not liable for control person liability under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), as Defendants and their subordinates acted in good faith and did not directly or indirectly induce any act alleged to constitute a violation of Section 10(b) of the Exchange Act.

> Denied; evidence of this defense should not be permitted as it is deficient as a matter of law

### FOURTEENTH DEFENSE

Pursuant to Pfizer's limited subject-matter waiver of its attorney client privilege, as governed by the Rule 502(d) Order entered by the Court on January 18, 2013, Defendants acted at all times in good faith and with reasonable care, and they reasonably relied upon, among other things, advice of outside and inside counsel regarding the legal proceedings disclosures concerning (i) the government investigations that culminated in the $2.3 billion settlement announced on January 26, 2009, and (ii) Pfizer's FAS 5 reserves to take into account any potential losses arising out of those government investigations.

**WHEREFORE**, Defendants respectfully request that a final judgment be entered in

their favor dismissing the Complaint with prejudice; awarding Defendants the reasonable costs of

this action, including reasonable attorneys' fees; and granting Defendants such other and further

relief as the Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury for all claims so triable.

Dated: March 22, 2013                          Respectfully submitted,

                                               WILLIAMS & CONNOLLY LLP

                                               By: _____

                                                   Steven M. Farina (admitted *pro hac vice*)
                                                   George A. Borden (2257830)
                                                   Amanda M. MacDonald (admitted *pro hac vice*)
                                                   725 Twelfth Street, N.W.
                                                   Washington, D.C. 20005
                                                   Telephone: (202) 434-5000
                                                   Facsimile: (202) 434-5029
                                                   sfarina@wc.com
                                                   gborden@wc.com
                                                   amacdonald@wc.com