# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY K. JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>PFIZER INC., et al.,<br><br>      Defendants. | Civil Action No. 1:10-cv-03864-AKH<br><br>Hon. Alvin K. Hellerstein<br><br>ECF Case |

## STATEMENT OF DEFENSES BY DEFENDANTS

  Plaintiffs assert that Pfizer Inc. ("Pfizer") and Frank D'Amelio, Jeffrey Kindler, Alan Levin, Hank McKinnell, Ian Read, and Allen Waxman (the "Individual Defendants") (collectively, "Defendants") violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission Rule 10b-5 promulgated thereunder.  Plaintiffs also assert that Defendants are liable as "control persons" under Section 20(a) of the Exchange Act.  Defendants' summary of their principal expected arguments and defenses at trial (which may be supplemented based on Plaintiffs' case-in-chief) is as follows:

1) **Defendants made no false or misleading statements**.

  None of the statements for which Plaintiffs seek to hold Defendants liable are actionable under the securities laws.  These statements were true and accurate, and each Defendant genuinely believed the truth and accuracy of each statement for which Plaintiffs seek to hold that Defendant liable.  Many of the statements Plaintiffs claim were false and misleading are (i) not material, (ii) subjectively and objectively true statements of opinion, (iii) non-actionable "puffery," and/or (iv) protected by the common law bespeaks caution doctrine and/or the forward-looking statement safe harbor of the Private Securities Litigation Reform Act ("PSLRA").  Pfizer's and certain Individual Defendants' determinations before the fourth quarter of 2008 that the requirements for setting a reserve under Statement of Financial Accounting Standards No. 5 ("FAS 5")—i.e., that a loss is both probable and reasonably estimable—were not met with respect to the Department of Justice's Bextra investigation are matters of opinion that are not actionable under the securities laws because such determinations were not objectively false and these Defendants subjectively believed in their accuracy in good faith at the time the determinations were made.

Additionally, the Individual Defendants are not liable for statements made by other Defendants or statements made when they were not at Pfizer.[1] Plaintiffs have not established that certain Individual Defendants had ultimate authority over the content of statements and whether and how to communicate them. Accordingly, those Individual Defendants are not the "makers" of those statements.

### 2) The securities disclosures upon which Plaintiffs' claims are based were adequate as a matter of law and did not give rise to actionable omissions.

All of Pfizer's securities disclosures during the Class Period were adequate and proper under the law, including but not limited to the disclosures about the Department of Justice investigations of Bextra and other products. There was no duty to disclose that some Pfizer employees had violated Pfizer's policies and training and engaged in improper promotion of products. All of Pfizer's financial statements were accurate, and Pfizer did not issue a restatement of any of the financial statements issued during the Class Period. The decision not to record a reserve until the FAS 5 requirements were met in the fourth quarter of 2008 was reviewed and supported by KPMG as correct.

### 3) Plaintiffs cannot establish scienter for any Defendant.

To establish liability under Section 10(b) and Rule 10b-5, Plaintiffs bear the burden to prove that each Defendant acted with "scienter," which is a mental state embracing intent to deceive, manipulate, or defraud, or reckless conduct which is highly unreasonable and represents an extreme departure from the standards of ordinary care.[2] Therefore, Plaintiffs must prove that each Defendant made the alleged misstatements or omissions with scienter and not in good faith. The record contains no evidence that anyone at Pfizer acted with scienter. To the contrary, the extensive and comprehensive review and securities disclosure process by which Defendants vetted and approved the statements claimed by Plaintiffs to be false and misleading demonstrates Defendants' good faith. Defendants' reliance on unequivocal advice from experienced outside disclosure counsel, inside disclosure counsel, and independent accountants and auditors that Pfizer's disclosures and reserving judgments were proper also negates any inference of scienter.

### 4) Plaintiffs cannot prove loss causation.

Plaintiffs must prove that alleged fraudulent statements or omissions were the cause of actual losses suffered. Plaintiffs cannot do so. The alleged "corrective disclosure" on January 26, 2009 did not reveal that any prior statement by any Defendant was false or misleading, and Plaintiffs' loss causation expert has failed to disaggregate the alleged effect of the purported "corrective disclosure" from the effects of other news announced the same day. To the extent

---

[1] Plaintiffs have conceded that they are not seeking to hold the Individual Defendants liable for statements made after they left Pfizer. (Dkt. No. 304 at 55 n.210.)

[2] Defendants note that the United States Supreme Court has not adopted a "recklessness" theory of scienter. Accordingly, Defendants reserve their right to challenge the applicability of a "recklessness" theory in this case, including in connection with any appeal.

that Plaintiffs have abandoned a "corrective disclosure" theory and are attempting to proceed on a "materialization of risk" theory, (i) they have no expert to support it, and (ii) in any event, the risk of a settlement of the government investigation was disclosed.

Additionally, notwithstanding the changing information during the Class Period, Plaintiffs' expert has improperly assumed that the alleged "inflation" of Pfizer's share price remained the same on every day during this three-year period. This flawed method fails to disaggregate the supposed losses caused by specific alleged misstatements and omissions from the supposed losses caused by other alleged misstatements and omissions. Accordingly, Plaintiffs cannot show that those specific statements—and thus the Individual Defendants who purportedly made those statements—caused loss to Plaintiffs. Plaintiffs have conceded that they are not seeking to hold any of the Individual Defendants liable for all of the allegedly false and misleading statements, including where certain Individual Defendants did not work at Pfizer at the time the challenged statements were made. As a result, they fail to bear their burden to prove what portion of the alleged decline in Pfizer's stock price was caused by each Defendant's individual alleged misstatements, as apart from the alleged misstatements of others.

**5) Plaintiffs cannot establish damages.**

Plaintiffs' claim that the alleged inflation in Pfizer's stock price was the exact same amount on each day of the Class Period despite the changing nature of the statements in question and the underlying factual circumstances, including the number and progress of the government's investigations, is unjustified, contrary to the evidence, and cannot support their damages claim.

**6) Plaintiffs cannot establish that the Individual Defendants acted as control persons.**

Plaintiffs cannot hold an Individual Defendant liable as a control person of another Individual Defendant. To the extent Plaintiffs seek to hold an Individual Defendant liable as a control person of Pfizer, those claims fail because there is no primary liability on the part of Pfizer. There is also no evidence in the record that the Individual Defendants or others controlled by them committed a Section 10(b) violation. Defendants acted in good faith and did not directly or indirectly induce any act in violation of Section 10(b). Additionally, Plaintiffs have no evidence of culpable participation by any of the Individual Defendants with respect to any of the allegedly misleading statements for which Plaintiffs seek to hold a particular Defendant liable. Accordingly, Defendants cannot be subject to control person liability under Section 20(a) of the Exchange Act. Moreover, there is no claim that an Individual Defendant can be held liable as a control person for the time period when he was not an employee of Pfizer.

*Cases and Statutes Relied On By Defendants*

**No Actionable Misstatement**

- Section 10(b) of the Securities Exchange Act of 1934
- 15 U.S.C. § 78u-5(c)(1)

3

- 17 C.F.R.§ 240.10b-5
- *Beleson v. Schwartz*, 419 F. App'x 38 (2d Cir. Apr. 5, 2011)
- *Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x. 32 (2d Cir. 2012)
- *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, 511 U.S. 164 (1994)
- *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277 (S.D.N.Y. 2013)
- *City of Brockton Retirement System v. Avon Products, Inc.,* No. 11 Civ. 4665 (PGG), 2014 WL 4832321 (S.D.N.Y. Sept. 29, 2014)
- *City of Omaha v. CBS Corp.*, 679 F.3d 64  (2d Cir. 2012)
- *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014)
- *City of Roseville Emps.' Ret. Sys. v. Energy Solutions Inc.*, 814 F. Supp. 2d 395 (S.D.N.Y. 2011)
- *Dalberth v. Xerox Corp.*, 766 F.3d 172 (2d Cir. 2014)
- *Derby City Capital, LLC v. Trinity HR Servs.*, 949 F. Supp. 2d 712 (W.D. Ky. 2013)
- *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187 (2d Cir. 2009)
- *Fait v. Regions Fin. Corp.,* 655 F.3d 105 (2d Cir. 2011)
- *Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458 (S.D.N.Y. 2012)
- *Galati v. Commerce Bancorp, Inc.,* No. Civ. 04-3252(RBK), 2005 WL 3797764 (D.N.J. Nov. 7, 2005)
- *Gissin v. Endres*, 739 F. Supp. 2d 488 (S.D.N.Y. 2010)
- *Ho v. Duoyuan Global Water, Inc.*, 887 F. Supp. 2d 547 (S.D.N.Y. 2012)
- *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MD 1529 (LMM), 2007 WL 2615928, at *12 (S.D.N.Y. Sept. 10, 2007)
- *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525 (3d Cir. 1999)
- *In re Aegon N.V. Sec. Litig.,* No. 03 Civ. 0603 (RWS), 2004 WL 1415973 (S.D.N.Y. June 23, 2004)
- *In re Alstom SA*, 406 F. Supp. 2d 433 (S.D.N.Y. 2005)
- *In re Citigroup, Inc. Sec. Litig.*, 330 F. Supp. 2d 367 (S.D.N.Y. 2004), *aff'd sub nom. Albert Fadem Trust v. Citigroup, Inc.,* 165 F. App'x 928 (2d Cir. 2006)
- *In re DVI, Inc. Sec. Litig.*, 919 F. Supp. 2d 498 (E.D. Pa. 2013)
- *In re FBR Inc. Sec. Litig.*, 544 F. Supp. 2d 346 (S.D.N.Y. 2008)
- *In re ICN/Viratek Sec. Litig.*, No. 87-cv-4286, 1996 WL 164732 (S.D.N.Y. Apr. 9, 1996)
- *In re Marsh & McLennan Cos., Inc. Sec. Litig.,* 501 F. Supp. 2d 452 (S.D.N.Y. 2006)
- *In re Refco*, 503 F. Supp. 2d 611 (S.D.N.Y. 2007)
- In re REMEC Inc. Sec. Litig., 702 F. Supp. 2d 1202 (S.D. Cal. 2010)
- *In re Towers Fin. Corp. Noteholders Litig.*, No. 93CIV 0810(WK)(AJP), 1995 WL 571888 (S.D.N.Y Sept. 20, 1995)
- *In re UBS AG Sec. Litig.,* No. 07-cv-11225 (RJS), 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012)
- *Janus Capital Group v. First Derivative Traders*, 131 S. Ct. 2296 (2011)
- *Kaess v. Deutsche Bank AG*, 572 F. App'x 58 (2d Cir. 2014);

4

- *Kerr v. Exobox Technologies Corp.*, 2012 WL 201872 (S.D. Tex. Jan. 23, 2012)
- *Kleinman v. Elan Corp., plc*, 706 F.3d 145 (2d Cir. 2013)
- *Marsh Grp. v. Prime Retail, Inc.,* 46 F. App'x 140  (4th Cir. 2002)
- *Murphy v. Sofamor Danek Grp., Inc. (In re Sofamor Danek Grp., Inc*.), 123 F.3d 394 (6th Cir. 1997)
- *Lasker v. N.Y. State Elec. & Gas Corp.*, 85 F.3d 55 (2d Cir. 2004)
- *Nadoff v. Duane Reade, Inc.,* 107 F. App'x 250 (2d Cir. 2004)
- *New Orleans Emps.' Ret. Sys. v. Omnicom Grp., Inc. Sec. Litig. (In re Omnicom Grp., Inc. Sec. Litig*.), 597 F.3d 501 (2d Cir. 2010)
- *Oklahoma Firefighters Pension & Ret. Sys. v. Student Loan Corp.*, 951 F. Supp. 2d 479 (S.D.N.Y. 2013)
- *Pac. Inv. Mgmt. Co. v. Mayer Brown LLP*, 603 F.3d 144 (2d Cir. 2010)
- *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004)
- *SEC v. Carter,* No. 10 C 6145, 2011 WL 5980966 (N.D. Ill. Nov. 28, 2011)
- SEC v. Kelly, 817 F. Supp. 2d 340 (S.D.N.Y. 2011)
- *Sgalambo v. McKenzie*, 739 F. Supp. 2d 453 (S.D.N.Y. 2010)
- *Spielman v. Gen. Host Corp.*, 402 F. Supp. 190 (N.D.N.Y. 1975)
- Stavroff v. Meyo, No. 95-4118, 1997 WL 720475 (6th Cir. Nov. 12, 1997)
- *Stoneridge Inv. Partners LLC v. Scientific-Atlanta Inc.*, 552 U.S. 148 (2008)
- *United States v. Caronia*, 703 F.3d 149 (2d Cir. 2012)
- *Zeid v. Kimberley*, 930 F. Supp. 431 (N.D. Cal. 1996)

**Adequate Disclosure**

- Section 10(b) of the Securities Exchange Act of 1934
- 17 C.F.R § 229.308
- 17 C.F.R.§ 240.10b-5
- *Albert Fadem Trust v. Citigroup Inc.,* 165 F. App'x 928 (2d Cir. 2006)
- *Ciresi v. Citicorp*, 782 F. Supp. 819 (S.D.N.Y. 1991)
- *City of Omaha v. CBS Corp.*, 679 F.3d 64 (2d Cir. 2012)
- *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014)
- *Dalberth v. Xerox Corp.,* 766 F.3d 172 (2d Cir. 2014)
- *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011)
- *In re Acceptance Ins. Cos. Sec. Litig.,* 423 F.3d 899 (8th Cir. 2005)
- *In re Citigroup Inc. Sec. Litig.*, 330 F. Supp. 2d 367 (S.D.N.Y. 2004)
- *In re FBR Inc. Sec. Litig.,* 544 F. Supp. 2d 346 (S.D.N.Y. 2008)
- *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994)
- *In re Marsh & Mclennan Cos., Sec. Litig.*, 501 F. Supp. 2d 452 (S.D.N.Y. 2006)
- *In re Morgan Stanley Tech. Fund Sec. Litig.*, 643 F. Supp. 2d 366 (S.D.N.Y. 2009)
- *In re SAIC, Inc. Sec. Litig.*, 2013 WL 5462289 (S.D.N.Y. Sept. 30, 2013)
- *In re UBS AG Sec. Litig.,* No. 07 Civ. 11225 (RJS), 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012)
- *Kleinman v. Elan Corp., plc*, 706 F.3d 145 (2d Cir. 2013).

- *Lindsay v. Morgan Stanley (In re Morgan Stanley Info. Fund Sec. Litig.*), 592 F.3d 347 (2d Cir. 2010)
- *Oran v. Stafford*, 226 F.3d 275 (3d Cir. 2000)

**Scienter**

- Section 10(b) of the Securities Exchange Act of 1934
- 15 U.S.C. § 78j(b)
- 17 C.F.R.§ 240.10b-5
- *Cameron v. Cmty. Aid For Retarded Children, Inc.*, 335 F.3d 60 (2d Cir. 2003)
- *Chill v. Gen. Elec. Co.*, 101 F.3d 263 (2d Cir. 1996)
- *Cruden v. Bank of N.Y.*, 957 F.2d 961 (2d Cir. 1992)
- *Dalberth v. Xerox Corp.*, 766 F.3d 172 (2d Cir. 2014).
- *Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976)
- *Fecht v. N. Telecom Ltd. (In re Northern Telecom, Ltd. Sec. Litig.),* 116 F. Supp. 2d 446 (S.D.N.Y. 2000)
- *Ganino v. Citizens Utils. Co.*, 228 F.3d 154 (2d Cir. 2000)
- *Hadar v. Concordia Yacht Builders, Inc.*, 886 F. Supp. 1082 (S.D.N.Y. 1995)
- *Hernon v. Revere Copper & Brass, Inc.*, 494 F.2d 705 (8th Cir. 1974)
- *Howard v. SEC*, 376 F.3d 1136 (D.C. Cir. 2004)
- *In re Broadcom Corp. Sec. Litig.*, No. SA CV 01275GLTMLGX, 2005 WL 1403513 (C.D. Cal. Apr. 7, 2005)
- *In re Downey Sec. Litig.*, No. 08-cv-3261-JFW (RZx), 2009 WL 736802 (C.D. Cal. Mar. 18, 2009)
- *In re Fed'l Nat'l Mort. Ass'n Sec., Deriv. & "ERISA" Litig.*, 892 F. Supp. 2d 59 (D.D.C. 2012)
- *In re GeoPharma, Inc. Sec. Litig.*, 411 F. Supp. 2d 434 (S.D.N.Y. 2006).
- *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, 501 F. Supp. 2d 452 (S.D.N.Y. 2006)
- *In re Northern Telecom Ltd. Sec. Litig.*, 116 F. Supp. 2d 446 (S.D.N.Y. 2000)
- *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202 (S.D. Cal. 2010)
- *In re SLM Corp. Sec. Litig.*, 740 F. Supp. 2d 542 (S.D.N.Y. 2010)
- *In re Symbol Techs. Class Action Litig.*, 950 F. Supp. 1237 (E.D.N.Y. 1997)
- *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407 (9th Cir. 1994)
- *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005)
- *Jock v. Ransom*, No. 7-05-cv-1108, 2007 WL 1879717 (N.D.N.Y. June 28, 2007)
- *Kalnit v. Eichler,* 264 F.3d 131 (2d Cir. 2001)
- *Kleinman v. Elan Corp., plc*, 706 F.3d 145 (2d Cir. 2013)
- *Merck & Co. v. Reynolds*, 130 S. Ct. 1784 (2010)
- *Mizzaro v. Home Depot, Inc.,* 544 F.3d 1230 (11th Cir. 2008)
- *Morgan v. Prudential Grp., Inc.*, 527 F. Supp. 957 (S.D.N.Y. 1981)
- *Newton v. Uniwest Fin. Corp.*, 802 F. Supp. 361 (D. Nev. 1990), *aff'd*, 967 F.2d 340 (9th Cir. 1992)

- *N. Port Firefighters' Pension–Local Option Plan v. Temple-Inland, Inc.*, 936 F. Supp. 2d 722 (N.D. Tex. 2013)
- *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167 (2d Cir. 2001)
- *Pivot Point Capital Master LP v. Deutsche Bank AG*, No. 08 Civ. 2788 (AKH), 2010 WL 9452230 (S.D.N.Y. Dec. 9, 2010)
- *Reiss v. Pan Am. World Airways, Inc.*, 711 F.2d 11 (2d Cir. 1983)
- *Rolf v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38 (2d Cir. 1978)
- *Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000)
- *SEC v. Lowy*, 396 F. Supp. 2d 225 (E.D.N.Y. 2003)
- *SEC v. Prince*, 942 F. Supp. 2d 108 (D.D.C. 2013)
- *SEC v. Reserve Mgmt. Co. (In re Reserve Fund Sec. & Derivative Litig.),* No. 09 Civ. 4346(PGG), 2012 WL 4774834 (S.D.N.Y. Sept. 12, 2012)
- *SEC v. Shanahan*, 646 F.3d 536 (8th Cir. 2011)
- *SEC v. Spectrum, Ltd.*, 489 F.2d 535 (2d Cir. 1973)
- *SEC v. Steadman*, 967 F.2d 636 (D.C. Cir. 1992)
- *S. Cherry St., LLC v. Hennessee Grp., LLC*, 573 F.3d 98 (2d Cir. 2009)
- *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843 (2d Cir. 1981)
- *Steed Fin. LDC v. Nomura Sec. Int'l, Inc.*, 148 F. App'x 66 (2d Cir. 2005)
- *Steed Fin. LDC v. Nomura Sec. Int'l Inc.*, No. 00 Civ. 8058(NRB), 2004 WL 2072536 (S.D.N.Y. Sept. 14, 2004)
- *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)
- *Thornton v. Micrografx, Inc.*, 878 F. Supp. 931 (N.D. Tex. 1995)
- *Turner v. MagicJack VocalTec, Ltd.*, No. 13-cv-0448, 2014 WL 406917 (S.D.N.Y. Feb. 3, 2014)
- *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181 (2d Cir. 1989)
- *United States v. Defries*, 129 F.3d 1293, 1308-09 (D.C. Cir. 1997)
- *United States v. Gorski*, No. 12-10338-FDS, --- F. Supp. 2d ----, 2014 WL 3818111 (D. Mass. Aug. 1, 2014)

**Loss Causation**

- Section 10(b) of the Securities Exchange Act of 1934
- 15 U.S.C. § 78j(b)
- 17 C.F.R.§ 240.10b-5
- 15 U.S.C. §78u-4(f)
- *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534 (S.D. Fla. 1988)
- *Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Sec.* (USA) LLC, 752 F.3d 82 (1st Cir. 2014)
- *Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse First Boston*, 853 F.Supp. 2d 181 (D. Mass. 2012)
- *Carpe v. Aquila, Inc.*, No. 02-0388-CV-W-FJG, 2005 WL 1138833 (W.D. Mo. Mar. 23, 2005)
- *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014)
- *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013)

- *Comer v. Am. Elec. Power*, 63 F. Supp. 2d 927 (N.D. Ind. 1999)
- *Dalberth v. Xerox Corp.*, 766 F.3d 172 (2d Cir. 2014)
- *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993)
- *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336 (2005)
- *Freeland v. Iridium World Commc'ns, Ltd.,* 545 F. Supp. 2d 59 (D.D.C. 2008)
- *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624  (E.D.N.C. 2008)
- *Gordon Partners v. Blumenthal*, No. 02 Civ. 7377 (LAK), 2007 WL 1438753 (S.D.N.Y. May 16, 2007)
- *Gusinsky v. Barclays plc*, 944 F. Supp. 2d 279 (S.D.N.Y. 2013)
- *Hubbard v. BankAtlantic Bancorp, Inc.,* 688 F.3d 713 (11th Cir. 2012)
- *In re BP p.l.c. Securities Litigation*, No. 4:10-md-2185, 2013 WL 6388408 (S.D. Tex. Dec. 6, 2013)
- *In re BP p.l.c Sec. Litig.*, No. 10-MD-2185, 2014 WL 2112823 (S.D. Tex. May 20, 2014)
- *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005 (C.D. Cal. 2003)
- *In re Initial Pub. Offering Sec. Litig.,* 399 F. Supp. 2d 298 (S.D.N.Y. 2005)
- *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29 (2d Cir. 2009)
- I*n re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142 (C.D. Cal. 2007)
- *In re Odyssey Healthcare, Inc. Sec. Litig.,* 424 F. Supp. 2d 880 (N.D. Tex. 2005)
- *In re Omnicom Grp., Inc. Sec. Litig.*, 541 F. Supp. 2d 546 (S.D.N.Y. 2008)
- *In re Pfizer Inc. Sec. Litig.*, No. 04 CIV. 9866 LTS HBP, 2014 WL 2136053 (S.D.N.Y. May 21, 2014)
- *In re Pfizer Inc. Sec. Litig.,* No. 4-CV-9866-LTS-HBP, 2014 WL 3291230 (S.D.N.Y. July 8, 2014)
- *In re Rezulin Prods. Liab. Litig.,* 369 F. Supp. 2d 398 (S.D.N.Y. 2005)
- *In re Scientific Atlanta, Inc. Sec. Litig.*, 754 F. Supp. 2d 1339 (N.D. Ga. 2010)
- *In re Warnaco Grp., Inc. Sec. Litig.* (II), 388 F. Supp. 2d 307 (S.D.N.Y. 2005)
- *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735 (S.D.N.Y. 1985)
- *In re Williams Sec. Litig.*, 496 F. Supp. 2d 1195  (N.D. Okla. 2007)
- *In re Williams Sec. Litig.—WCG Subclass*, 558 F.3d 1130 (10th Cir. 2009)
- *In re Xerox Corp. Sec. Litig.*, 935 F. Supp. 2d 448 (D. Conn. 2013)
- *Janbay Canadian Solar, Inc.,* No. 10 Civ. 4430 (RWS), 2012 WL 1080306 (S.D.N.Y. Mar. 30, 2012)
- *Joffee v. Lehman Bros.*, 410 F. Supp. 2d 187 (S.D.N.Y. 2006)
- *Kuriakose v. Fed. Home Loan Mortg. Corp.,* No. 08 Civ. 7281 (JFK), 2011 WL 1158028 (S.D.N.Y. Mar. 30, 2011)
- *Laperriere v. Vesta Ins. Grp., Inc.*, 526 F.3d 715 (11th Cir. 2008)
- *Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147 (2d Cir. 2007).
- *Lentell v. Merrill Lynch & Co., Inc.,* 396 F.3d 161 (2d Cir. 2005)
- *Phillips v. Scientific-Atlanta, Inc.*, 489 F. App'x 339 (11th Cir. 2012)
- *Wilamowsky v. Take-Two Interactive Software, Inc.*, 818 F. Supp. 2d 744 (S.D.N.Y. 2011)
- *WM High Yield Fund v. O'Hanlon*, No. 04-3423, 2013 WL 3230667 (E.D. Pa. June 27, 2013)

**Damages**

- Section 10(b) of the Securities Exchange Act of 1934
- 17 C.F.R.§ 240.10b-5
- 15 U.S.C. § 78u-4(b)(4)
- 15 U.S.C. § 78u-4(f)(1)
- *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014)
- *Freeland v. Iridium World Commc'ns, Ltd.*, 545 F. Supp. 2d 59 (D.D.C. 2008); *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990)
- *In re BP p.l.c. Securities Litigation*, No. 4:10-md-2185, 2013 WL 6388408 (S.D. Tex. Dec. 6, 2013)
- *In re BP p.l.c Sec. Litig.*, No. 10-MD-2185, 2014 WL 2112823 (S.D. Tex. May 20, 2014)
- *In re Pfizer Inc. Securities Litigation*, 4-CV-9866-LTS-HBP, 2014 WL 2136053 (S.D.N.Y. May 21, 2014)
- *In re Sadia, S.A. Sec. Litig.*, 269 F.R.D. 298 (S.D.N.Y. 2010)
- *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 744 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986)
- *Laperriere v. Vesta Ins. Grp., Inc.*, 526 F.3d 715 (11th Cir. 2008)

**Control Person**

- Section 10(b) of the Securities Exchange Act of 1934
- 15 U.S.C. § 78t
- 17 C.F.R.§ 240.10b-5
- *Alki Partners, L.P. v. Vatas Holding GmbH*, 769 F. Supp. 2d 478 (S.D.N.Y. 2011)
- *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007)
- *Barker v. Henderson, Franklin, Starnes & Holt*, 797 F.2d 490 (7th Cir. 1986)
- *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227 (2d Cir. 2014)
- *Dietrich v. Bauer*, 76 F. Supp. 2d 312 (S.D.N.Y. 1999)
- *In re Alstom SA*, 406 F. Supp. 2d 433 (S.D.N.Y. 2005)
- *In re Corning, Inc. Sec. Litig.*, 349 F. Supp. 2d 698 (S.D.N.Y. 2004)
- *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429 (S.D.N.Y. 2005)
- *In re Omnicom Grp., Inc. Sec. Litig.*, 541 F. Supp. 2d 546 (S.D.N.Y. 2008)
- *In re Philip Servs. Corp. Sec. Litig.*, 383 F. Supp. 2d 463 (S.D.N.Y. 2004)
- *In re ShengdaTech, Inc. Sec. Litig.*, No. 11-cv-1918 (LGS), 2014 WL 3928606 (S.D.N.Y. Aug. 12, 2014)
- *Kalnit v. Eichler*, 85 F. Supp. 2d 232 (S.D.N.Y. 1999)
- *Levy v. Maggiore*, No. 13-cv-2219 (MKB), 2014 WL 4803936 (E.D.N.Y. Sept. 29, 2014)
- *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450 (2d Cir. 1996)
- *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 2014 WL 3605540 (S.D.N.Y. July 21, 2014)