UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
MARY K. JONES, Individually and on Behalf :    Civil Action No. 1:10-cv-03864-AKH
of All Others Similarly Situated,               :
                                                    :    CLASS ACTION
                   Plaintiff        :
                                                      :    STIPULATION OF SETTLEMENT
    vs.                                        :
                                                     :
PFIZER INC., et al.,                       :
                                                     :
                  Defendants.    :
                                                    :
———————————————————— x

This Stipulation of Settlement dated as of February 8, 2015 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Stichting Philips Pensioenfonds and additional Class Representative Mary K. Jones (on behalf of themselves and each of the Class Members), by and through their counsel of record in the Litigation (as defined herein); and (ii) Defendants Pfizer Inc. ("Pfizer"), Henry A. McKinnell ("McKinnell"), Jeffrey B. Kindler ("Kindler"), Frank D'Amelio ("D'Amelio"), Alan G. Levin ("Levin"), Ian C. Read ("Read") and Allen Waxman ("Waxman"), by and through their counsel of record in the Litigation.  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.     THE LITIGATION

The initial complaint in this case, entitled *Jones v. Pfizer Inc., et al.*, Civil Action No. 1:10-cv-03864-AKH, was filed in the United States District Court for the Southern District of New York (the "Court") on May 11, 2010.  On November 4, 2010, the Court appointed Stichting Philips Pensioenfonds Lead Plaintiff.

On April 15, 2011, the First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws was filed alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Complaint").  The named defendants in the Complaint were, among others, Pfizer and the Individual Defendants.  On May 24, 2011, the Defendants moved to dismiss the Complaint.  On August 10, 2011, the Court denied Defendants' motion to dismiss.  Thereafter, Defendants filed an answer denying all allegations in the Complaint and asserting defenses thereto.

On January 13, 2012, Lead Plaintiff filed a motion for class certification, which the Court granted on March 29, 2012, appointing Lead Plaintiff and Mary K. Jones as class representatives.

On February 19, 2013, the Court endorsed the parties' Stipulation Concerning Dismissal of Karen Katen, David L. Shedlarz, J. Patrick Kelly and Joseph M. Feczko, which caused the Dismissed Defendants to be dismissed as defendants in the Litigation.

During the pendency of the Litigation, Lead Plaintiff and Defendants engaged in extensive discovery. The parties subpoenaed more than 80 parties and third parties, resulting in the production of over 23.8 million pages of documents and the taking of approximately 65 depositions. The parties also engaged 24 expert witnesses. In preparation for trial, the parties subpoenaed over 30 witnesses.

In the course of the Litigation, the parties engaged the services of the Honorable Layn R. Phillips (Ret.), a nationally recognized mediator. The parties engaged in three in-person mediation sessions with Judge Phillips, on November 15, 2013, January 11, 2015, and January 18, 2015, and had numerous telephonic exchanges regarding a potential settlement of the Litigation. These efforts culminated with the parties agreeing to settle the Litigation for $400,000,000.00 subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff and the Class in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Lead Plaintiff or the Class have suffered any damage, that the price of Pfizer common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation. Defendants believe that the evidence developed to date supports their position that they

999914_4

acted properly at all times and that the Litigation is without merit.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff and its counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Lead Plaintiff and its counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiff and its counsel have determined that the settlement set forth in the Stipulation is in the best interests of Lead Plaintiff and the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Class Members) and Defendants, by and through their respective counsel

999914_4

or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

## 1.     Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3     "Class" means all persons and entities who purchased domestically or purchased on domestic exchanges Pfizer common stock between January 19, 2006 and January 23, 2009, inclusive, and were damaged thereby.  Excluded from the Class are Defendants and their families, directors and officers of Pfizer, and their families and affiliates.  Also excluded are those persons who both (a) excluded themselves from the Class pursuant to the Notice of Pendency of Class Action dated November 17, 2014 and (b) do not submit a Proof of Claim and Release voiding that prior request for exclusion from the Class.

1.4     "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5     "Class Period" means the period from January 19, 2006 through January 23, 2009, inclusive.

1.6     "Defendants" means Pfizer and the Individual Defendants.

1.7     "Dismissed Defendants" means David L. Shedlarz, Joseph M. Feczko, Karen Katen, and J. Patrick Kelly.

- 4 -

1.8     "Effective Date," or the date upon which this settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9     "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

1.10    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of Lead Plaintiff's counsel's attorneys' fees and expenses, payments to Lead Plaintiff and Class Representative Mary K. Jones for their time and expenses, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11    "Individual Defendants" means Henry A. McKinnell, Jeffrey B. Kindler, Frank D'Amelio, Alan G. Levin, Ian C. Read, and Allen Waxman.

1.12    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.13    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Henry Rosen, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.14    "Lead Plaintiff" means Stichting Philips Pensioenfonds.

1.15    "Litigation" means the action captioned *Mary K. Jones v. Pfizer Inc., et al.*, Civil Action No. 1:10-cv-03864-AKH.

1.16    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses, and interest and any award to Lead Plaintiff and Class Representative Mary K. Jones, provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.17    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18    "Pfizer" means Pfizer Inc.

1.19    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.20    "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of

- 6 -

999914_4

each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

1.21    "Released Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiff, Class Representative Mary K. Jones or any other Member of the Class asserted in the Litigation or could have asserted in any forum that arise out of or are based upon or related in any way to (i) the purchase or acquisition of Pfizer common stock, and (ii) the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaint. "Released Claims" includes "Unknown Claims" as defined in ¶1.27 hereof.

1.22    "Released Persons" means each and all of the Defendants and their Related Parties.

1.23    "Settlement Amount" means Four Hundred Million Dollars ($400,000,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

1.24    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.25    "Settling Parties" means, collectively, Defendants, Lead Plaintiff, Class Representative Mary K. Jones, and the Class.

1.26    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.27    "Unknown Claims" means any Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement

with and release of the Released Persons, or might have affected his, her or its decision not to object

to this settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the

Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive

and each of the Class Members shall be deemed to have, and by operation of the Judgment shall

have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which

provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have,

and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and

benefits conferred by any law of any state or territory of the United States, or principle of common

law, which is similar, comparable or equivalent to California Civil Code §1542.  Lead Plaintiff and

Class Members may hereafter discover facts in addition to or different from those which he, she or it

now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead

Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be

deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and

released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or

non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed,

upon any theory of law or equity now existing or coming into existence in the future, including, but

not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any

duty, law or rule, without regard to the subsequent discovery or existence of such different or

additional facts.  Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation

- 8 -

of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

### 2.     The Settlement

#### a.     The Settlement Amount

2.1     A motion for preliminary approval of the settlement shall be filed no more than thirty (30) days from January 18, 2015.  Should a motion for preliminary approval of the settlement not be filed within such a time, other than resulting from a good faith dispute over the terms of the settlement papers (which disputes are to be resolved by the Honorable Layn R. Phillips), the Settlement Amount will bear interest at the prime rate in effect on such thirtieth day until such a time that a motion for preliminary approval of the settlement is filed.  Pfizer shall pay or cause to be paid the Settlement Amount by wire transfer in accordance with instructions to be provided by the Escrow Agent within ten (10) days of the entry of an order granting preliminary settlement approval. Alternatively, if the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Counsel may terminate the settlement but only if (i) Lead Counsel have notified Defendants' counsel in writing of Lead Counsel's intention to terminate the settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within three (3) calendar days after Lead Counsel have provided such written notice.  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.

#### b.     The Escrow Agent

2.2     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United

999914_4

States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     Prior to the Effective Date and without further order of the Court, up to $750,000 of the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  After the Effective Date, Lead Counsel may pay all

- 10 -

further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.

2.7     It shall be Lead Counsel's sole responsibility to disseminate the Notice (as defined below) and summary notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

c.     **Taxes**

2.8     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.   Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

- 11 -

(c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

999914_4

d.      **Termination of Settlement**

2.9      In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from counsel for the Defendants in accordance with ¶7.4 herein.

3.      **Preliminary Approval Order and Settlement Hearing**

3.1      Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2      Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Lead Plaintiff's and Class Representative Mary K. Jones' request for payment of time and expenses, if any.

999914_4

4.      **Releases**

4.1      Upon the Effective Date, as defined in ¶1.8 hereof, Lead Plaintiff and the Class Representative shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2      The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3      Upon the Effective Date, as defined in ¶1.8 hereof, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4      Upon the Effective Date, as defined in ¶1.8 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff and the Class Representative, each and all of the Class Members, and Lead Plaintiff's counsel from all claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the settlement.

- 14 -

5.    **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)    to pay the Taxes and Tax Expenses described in ¶2.8 hereof;

(c)    to pay attorneys' fees and expenses of counsel for the Lead Plaintiff (the "Fee and Expense Award"), and to pay Lead Plaintiff and Class Representative Mary K. Jones for their expenses, if and to the extent allowed by the Court; and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4    Within one hundred-twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release,

- 15 -

substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.6    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization.

5.7    The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.9 hereof; and the Class Members, Lead Plaintiff, and Lead Counsel release the Defendants

- 16 -

and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.8     No Person shall have any claim against Lead Plaintiff, Class Representative Mary K. Jones, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein.

**6.     Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2     The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses.  Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel,

- 17 -

if any, in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then (a) Lead Counsel with respect to the entire Fee and Expense Award, and (b) such of plaintiffs' counsel who have received any portion of the Fee and Expense Award shall within five (5) business days from receiving notice from the Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.  Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     Lead Plaintiff and Class Representative Mary K. Jones may submit an application for an award for their time and expenses in connection with the prosecution of the Litigation.  However, in the event that the Effective Date does not occur, or the judgment or the order approving Lead Plaintiff's and Class Representative Mary K. Jones' application for an award for their time and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, then Lead Plaintiff and Class Representative Mary K. Jones shall within five (5) business days from

- 18 -

receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such amounts for time and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.

6.5    The procedure for and the allowance or disallowance by the Court of any applications by any plaintiffs' counsel for attorneys' fees and expenses, or the expenses of the Lead Plaintiff or Class Representative Mary K. Jones, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or Lead Plaintiff's and Class Representative Mary K. Jones' expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.6    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to plaintiffs' counsel, Lead Plaintiff or Class Representative Mary K. Jones.

6.7    Defendants and their Related Parties shall have no responsibility for the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

999914_4

7. **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Amount has been deposited into the Escrow Account;

(b)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)     Pfizer has not exercised its option to terminate the Stipulation pursuant to ¶7.3 hereof; and

(e)     the Judgment has become Final, as defined in ¶1.10 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3     If Persons who would otherwise be Members of the Class have timely requested exclusion from the Class in accordance with the Notice of Pendency of Class Action dated November 17, 2014 or in the event the Court affords a new opportunity for Class Members to request exclusion from the Class pursuant to Fed. R. Civ. P. 23(e)(4), Pfizer shall have the option  to terminate the settlement in the event that Class Members representing more than certain percentages of Pfizer common stock subject to this settlement exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between the Lead Plaintiff and Pfizer,

- 20 -

by and through their counsel.  If the Court requires that the Supplemental Agreement be filed, the parties shall request that it be filed under seal.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.6 and 2.8 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.6 and 2.8 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' counsel.

7.5     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of January 17, 2015.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.27, 2.6-2.9, 6.3-6.4, 7.4-7.6, and 8.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of plaintiffs' counsel or expenses to the Lead

- 21 -

Plaintiff and Class Representative Mary K. Jones shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.6 or 2.8.  In addition, any expenses already incurred pursuant to ¶¶2.6 or 2.8 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.9 and 7.4 hereof.

**8.     Miscellaneous Provisions**

8.1     Upon the Effective Date, as defined in ¶1.8 hereof, the Stipulation Concerning Dismissal of Karen Katen, David L. Shedlarz, J. Patrick Kelly and Joseph M. Feczko shall be deemed terminated.

8.2     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.3     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was

reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.4    Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8    The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or

- 23 -

inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.9     Lead Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiff and Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.10     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.11     The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

8.12     The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.13     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation and matters related to the settlement.

8.14     Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

- 24 -

8.15    This Stipulation and the Exhibits hereto shall be considered to have been negotiated,

executed and delivered, and to be wholly performed, in the State of New York, and the rights and

obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

governed by, the internal, substantive laws of the State of New York without giving effect to that

State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

their duly authorized attorneys.

DATED: February 6, 2015

ROBBINS GELLER RUDMAN
 & DOWD LLP
MICHAEL J. DOWD
HENRY ROSEN
TRIG R. SMITH
JASON A. FORGE
RYAN A. LLORENS
IVY T. NGO

MICHAEL J. DOWD

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
miked@rgrdlaw.com
henryr@rgrdlaw.com
trigs@rgrdlaw.com
jforge@rgrdlaw.com
ryanl@rgrdlaw.com
ingo@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

- 25 -

999914_4

ROBBINS GELLER RUDMAN
  & DOWD LLP
WILLOW E. RADCLIFFE
DANIEL J. PFEFFERBAUM
MATTHEW S. MELAMED
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
mmelamed@rgrdlaw.com

Lead Counsel for Plaintiffs

DATED: February 9, 2015                 WILLIAMS & CONNOLLY LLP
                                        JOSEPH G. PETROSINELLI
                                        STEVEN M. FARINA
                                        AMANDA M. MACDONALD


                                        JOSEPH G. PETROSINELLI

                                        725 Twelfth Street, N.W.
                                        Washington, D.C. 20005
                                        Telephone: 202/434-5000
                                        202/434-5029 (fax)
                                        jpetrosinelli@wc.com
                                        sfarina@wc.com
                                        amacdonald@wc.com


                                        Counsel for Defendant Pfizer Inc.

DATED: February __, 2015                O'MELVENY & MYERS LLP
                                        ROSS B. GALIN
                                        STUART SARNOFF
                                        HOWARD E. HEISS


                                        ROSS B. GALIN

                                        - 26 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
WILLOW E. RADCLIFFE
DANIEL J. PFEFFERBAUM
MATTHEW S. MELAMED
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
mmelamed@rgrdlaw.com

Lead Counsel for Plaintiffs

DATED: February __, 2015

WILLIAMS & CONNOLLY LLP
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
AMANDA M. MACDONALD

_____
JOSEPH G. PETROSINELLI

725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: 202/434-5000
202/434-5029 (fax)
jpetrosinelli@wc.com
sfarina@wc.com
amacdonald@wc.com

Counsel for Defendant Pfizer Inc.

DATED: February 9, 2015

O'MELVENY & MYERS LLP
ROSS B. GALIN
STUART SARNOFF
HOWARD E. HEISS

_____
ROSS B. GALIN

- 26 -

7 Times Square
New York, NY 10036
Telephone: 212/326-4307
212/326-2061 (fax)
rgalin@omm.com
ssarnoff@omm.com
hheiss@omm.com

Counsel for Defendant Allen Waxman

DATED: February __, 2015

DAVIS POLK & WARDWELL LLP
JAMES P. ROUHANDEH
CHARLES S. DUGGAN
GREG D. ANDRES
SIDNEY BASHAGO
JULIANA N. MURRAY

_____
JAMES P. ROUHANDEH

450 Lexington Avenue
New York, NY 10017
Telephone: 212/450-4000
212/701-5835 (fax)
rouhandeh@davispolk.com
charles.duggan@davispolk.com
greg.andres@davispolk.com
sidney.bashago@davispolk.com
juliana.murray@davispolk.com

Counsel for Defendant Jeffrey B. Kindler

DATED: February __, 2015

QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
MICHAEL B. CARLINSKY
SHEILA L. BIRNBAUM
BRANT D. KUEHN

_____
MICHAEL B. CARLINSKY

- 27 -

7 Times Square
New York, NY 10036
Telephone: 212/326-4307
212/326-2061 (fax)
rgalin@omm.com
ssarnoff@omm.com
hheiss@omm.com

Counsel for Defendant Allen Waxman

DATED: February ___, 2015          DAVIS POLK & WARDWELL LLP
                                   JAMES P. ROUHANDEH
                                   CHARLES S. DUGGAN
                                   GREG D. ANDRES
                                   SIDNEY BASHAGO
                                   JULIANA N. MURRAY


                                   _____
                                        JAMES P. ROUHANDEH

                                   450 Lexington Avenue
                                   New York, NY 10017
                                   Telephone: 212/450-4000
                                   212/701-5835 (fax)
                                   rouhandeh@davispolk.com
                                   charles.duggan@davispolk.com
                                   greg.andres@davispolk.com
                                   sidney.bashago@davispolk.com
                                   juliana.murray@davispolk.com

                                   Counsel for Defendant Jeffrey B. Kindler

DATED: February 17, 2015           QUINN EMANUEL URQUHART
                                       & SULLIVAN, LLP
                                   MICHAEL B. CARLINSKY
                                   SHEILA L. BIRNBAUM
                                   BRANT D. KUEHN


                                   _____
                                        MICHAEL B. CARLINSKY

- 27 -

999914_4

51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: 212/849-7000
212/849-7100 (fax)
michaelcarlinsky@quinnemanuel.com
sheilabirnbaum@quinnemanuel.com
brantkuehn@quinnemanuel.com

Counsel for Defendant Ian C. Read

DATED: February ⟍2015       GOODWIN PROCTER LLP
RICHARD M. STRASSBERG
DANIEL P. ROESER
MEGHAN K. SPILLANE

_____
           RICHARD M. STRASSBERG

The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: 212/813-8800
212/355-3333 (fax)
rstrassberg@goodwinprocter.com
droeser@goodwinprocter.com
mspillane@goodwinprocter.com

Counsel for Defendant Frank D'Amelio

DATED: February __, 2015       SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
JAY B. KASNER
GARY J. HACKER
ALEXANDER C. DRYLEWSKI

_____
          JAY B. KASNER

- 28 -

999914_4

51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: 212/849-7000
212/849-7100 (fax)
michaelcarlinsky@quinnemanuel.com
sheilabirnbaum@quinnemanuel.com
brantkuehn@quinnemanuel.com

Counsel for Defendant Ian C. Read

DATED: February __, 2015

GOODWIN PROCTER LLP
RICHARD M. STRASSBERG
DANIEL P. ROESER
MEGHAN K. SPILLANE

_____

RICHARD M. STRASSBERG

The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: 212/813-8800
212/355-3333 (fax)
rstrassberg@goodwinprocter.com
droeser@goodwinprocter.com
mspillane@goodwinprocter.com

Counsel for Defendant Frank D'Amelio

DATED: February 10, 2015

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
JAY B. KASNER
GARY J. HACKER
ALEXANDER C. DRYLEWSKI

_____

JAY B. KASNER

- 28 -

Four Times Square
New York, NY 10036
Telephone:  212/735-3000
212/735-2000 (fax)
jay.kasner@skadden.com
gary.hacker@skadden.com
alexander.drylewski@skadden.com

Counsel for Defendant Alan G. Levin

DATED: February __, 2015

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
SCOTT D. MUSOFF

_____
SCOTT D. MUSOFF

Four Times Square
New York, NY 10036
Telephone: 212/735-3000
212/735-2000 (fax)
scott.musoff@skadden.com

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
JENNIFER L. SPAZIANO
MICHAEL S. BAILEY
1440 New York Avenue, N.W.
Washington, D.C.  20005
Telephone:  202/371-7000
202/393-5760 (fax)
jen.spaziano@skadden.com
michael.bailey@skadden.com

Counsel for Defendant Henry A. McKinnell

- 29 -

INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |

999914_4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2015, I authorized the electronic filing of the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on February 17, 2015.

s/ Michael J. Dowd
MICHAEL J. DOWD

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:    miked@rgrdlaw.com

999914_4

## Mailing Information for a Case 1:10-cv-03864-AKH

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Scott Bailey**
  michael.bailey@skadden.com

- **Sidney Bashago**
  sidney.bashago@dpw.com,jennifer.kan@davispolk.com,ecf.ct.papers@davispolk.com

- **Sheila L. Birnbaum**
  sheilabirnbaum@quinnemanuel.com

- **George Anthony Borden**
  gborden@wc.com

- **Kevin Anthony Burke**
  kaburke@sidley.com,nyefiling@sidley.com,efilingnotice@sidley.com

- **Michael Barry Carlinsky**
  michaelcarlinsky@quinnemanuel.com,brantkuehn@quinnemanuel.com,jomairecrawford@quinnemanuel.com

- **Lauren Kristina Collogan**
  lcollogan@wc.com

- **Patrick Daniel Curran**
  patrickcurran@quinnemanuel.com,justinemanzano@quinnemanuel.com

- **Keir Nicholas Dougall**
  kdougall@dougallpc.com

- **Michael Joseph Dowd**
  miked@rgrdlaw.com,debg@rgrdlaw.com,e_file_sd@rgrdlaw.com,tome@rgrdlaw.com

- **Alexander C Drylewski**
  alexander.drylewski@skadden.com

- **Charles S. Duggan**
  charles.duggan@dpw.com,ecf.ct.papers@davispolk.com

- **Steven M.. Farina**
  sfarina@wc.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Ross Bradley Galin**
  rgalin@omm.com,mochoa@omm.com,neverhart@omm.com,lisachen@omm.com

- **Gary John Hacker**
  ghacker@skadden.com

- **James R. Harper**
  coljamesrharper@me.com

- **Howard E. Heiss**
  hheiss@omm.com,#nymanagingattorney@omm.com

- **Paul T. Hourihan**
  phourihan@wc.com

- **James M. Hughes**
  jhughes@motleyrice.com,kweil@pacernotice.com,mgruetzmacher@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jay B. Kasner**
  jkasner@skadden.com

- **Joe Kendall**
  administrator@kendalllawgroup.com,jkendall@kendalllawgroup.com,hlindley@kendalllawgroup.com

- **Brant Duncan Kuehn**
  brantkuehn@quinnemanuel.com

- **Leigh R. Lasky**
  lasky@laskyrifkind.com

- **Hamilton Philip Lindley**
  hlindley@deanslyons.com

- **Ryan A. Llorens**
  ryanl@rgrdlaw.com,nbear@rgrdlaw.com,kirstenb@rgrdlaw.com

- **Amanda M. MacDonald**
  amacdonald@wc.com

- **Lori McGill**
  lorialvinomcgill@quinnemanuel.com

- **Matthew Melamed**
  mmelamed@rgrdlaw.com

- **Donald Alan Migliori**
  dmigliori@motleyrice.com

- **Eugene Mikolajczyk**
  genem@rgrdlaw.com

- **Seema Mittal**
  smittal@wc.com

- **Cynthia Margaret Monaco**
  cmonaco@cynthiamonacolaw.com,cmmonaco@gmail.com

- **Juliana Newcomb Murray**
  juliana.murray@davispolk.com,lisa.hirakawa@davispolk.com,ecf.ct.papers@davispolk.com

- **Scott D. Musoff**
  smusoff@skadden.com,aviva.nusbaum@skadden.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com

- **William H. Narwold**
  bnarwold@motleyrice.com,vlepine@motleyrice.com,ajanelle@motleyrice.com

- **Ivy T. Ngo**
  ingo@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joseph G. Petrosinelli**
  jpetrosinelli@wc.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,ptiffith@rgrdlaw.com

- **Joseph F. Rice**
  jrice@motleyrice.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Daniel Prugh Roeser**

droeser@goodwinprocter.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com,ecf.ct.papers@davispolk.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Stuart Michael Sarnoff**
  ssarnoff@omm.com

- **William E. Schurmann**
  wschurmann@wc.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,e_file_sd@rgrdlaw.com,nhorstman@rgrdlaw.com

- **Jennifer Lynn Spaziano**
  jen.spaziano@skadden.com

- **Meghan K. Spillane**
  mspillane@goodwinprocter.com,sewald@goodwinprocter.com,ttam@goodwinprocter.com

- **Richard Mark Strassberg**
  rstrassberg@goodwinprocter.com,nymanagingclerk@goodwinprocter.com

- **Mitchell M.Z. Twersky**
  mtwersky@aftlaw.com

- **John K. Villa**
  jvilla@wc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).
You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Daniel          E. Hill
Kendall Law Group, LLP
3232 McKinney Avenue
Suite 700
Dallas, TX 75204

Catherine       J. Kowalewski
Robbins Geller Rudman & Dowd LLP (San Diego)
655 West Broadway
Suite 1900
San Diego, CA 92101

Jamie           J. McKey
Kendall Law Group, LLP
3232 McKinney Avenue
Suite 700
Dallas, TX 75204

David           C. Walton
Robbins Geller Rudman & Dowd LLP (SANDIEGO)
655 West  Broadway
Suite  1900
San Diego, CA 92101
```