# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

MARY K. JONES, Individually and on Behalf
of All Others Similarly Situated,

                          Plaintiff

        vs.

PFIZER INC., et al.,

                          Defendants.

——————————————————————— x

Civil Action No. 1:10-cv-03864-AKH

CLASS ACTION

NOTICE OF PROPOSED SETTLEMENT OF
CLASS ACTION

EXHIBIT A-1

999916_4

**TO:     ALL PERSONS WHO PURCHASED DOMESTICALLY OR PURCHASED ON A DOMESTIC EXCHANGE THE COMMON STOCK OF PFIZER INC. ("PFIZER") BETWEEN JANUARY 19, 2006 AND JANUARY 23, 2009, INCLUSIVE, AND WERE DAMAGED THEREBY**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2015.**

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of the case entitled *Mary K. Jones v. Pfizer Inc., et al.*, Civil Action No. 1:10-cv-03864-AKH (the "Litigation") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement as set forth in the Stipulation of Settlement between Lead Plaintiff and Class Representative and Defendants, dated as of February 8, 2015 (the "Stipulation") on file with the Court.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against Defendants.  This Notice is solely to advise you of the proposed settlement of the Litigation and of your rights in connection therewith.

- 1 -

I.      **STATEMENT OF PLAINTIFFS' RECOVERY**

The proposed settlement will result in the creation of a cash settlement fund in the principal amount of Four Hundred Million Dollars ($400,000,000.00), plus any interest that may accrue thereon (the "Settlement Fund").

The Settlement Fund, subject to deduction for, among other things, costs of class notice and administration and certain taxes and tax related expenses and for attorneys' fees and expenses as approved by the Court, will be available for distribution to Class Members.  Your recovery from this fund will depend on a number of variables, including the number of shares of Pfizer common stock you purchased domestically or purchased on a domestic exchange between January 19, 2006 and January 23, 2009, inclusive, and the timing of your purchases and any sales.  In the unlikely event that 100% of the eligible common stock of Pfizer purchased by Class Members and entitled to a distribution under the Plan of Allocation described below participate in the settlement, the estimated average distribution per share of Pfizer common stock will be approximately $0.148 before deduction of Court-approved fees and expenses.  Historically, actual claim rates are lower than 100%, resulting in higher per share distributions.

II.     **STATEMENT OF POTENTIAL OUTCOME**

Lead Plaintiff and Class Representative and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Lead Plaintiff was to have prevailed on each claim alleged.  Defendants deny that they are liable in any respect or that Lead Plaintiff or the Class suffered any injury.  The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by

which the price of Pfizer common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the price of Pfizer common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Pfizer common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of Pfizer common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff and Class Representative alleged were materially false or misleading influenced (if at all) the price of Pfizer common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff and Class Representative alleged were omitted influenced (if at all) the price of Pfizer common stock at various times during the Class Period.

## III. REASONS FOR SETTLEMENT

Lead Plaintiff believes that the proposed settlement is a good recovery and is in the best interests of the Class.  Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on any of its claims, in which case the Class would receive nothing.  Also, the amount of damages recoverable by the Class was and is challenged by Defendants.  Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would have asserted that any losses of Class Members were caused by non-actionable market, industry, or general economic factors.  Defendants also would have asserted that throughout the Class Period the uncertainties and risks associated with the purchase of Pfizer common stock were fully and adequately disclosed.  The proposed settlement provides a certain benefit to Class Members, and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

999916_4

## IV.    STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT

Lead Plaintiff's counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the Members of the Class, nor have they been paid for their litigation expenses.  If the settlement is approved by the Court, Lead Plaintiff's counsel will apply to the Court for attorneys' fees not to exceed 23.5% of the Settlement Amount and expenses not to exceed $8,260,000, plus interest thereon, to be paid from the Settlement Fund.  If the amounts requested are approved by the Court, the average cost per share of Pfizer common stock will be $0.038.  In addition, the Lead Plaintiff and Class Representative Mary K. Jones may each seek up to $25,000 in expenses incurred in representing the Class.

## V.    IDENTIFICATION OF ATTORNEYS' REPRESENTATIVES

For further information regarding this settlement, you may contact a representative of Lead Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.

## VI.    NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held on _____, 2015, at ____, before the Honorable Alvin K. Hellerstein, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14D, New York, NY 10007-1312.  The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of Four Hundred Million Dollars ($400,000,000.00) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Lead Plaintiff's counsel for an award of attorneys' fees and expenses and the expenses of Lead

- 4 -

Plaintiff and Class Representative Mary K. Jones should be approved; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered.  The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class.

## VII.    DEFINITIONS USED IN THIS NOTICE

As used in this Notice, the following terms have the meanings specified below.  Any capitalized terms not specifically defined in this Notice shall have the meanings set forth in the Stipulation.  In the event of any inconsistency between any definition set forth below or elsewhere in this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1.      "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.      "Claims Administrator" means the firm of Gilardi & Co. LLC.

3.      "Class" means all persons and entities who purchased domestically or purchased on domestic exchanges Pfizer common stock between January 19, 2006 and January 23, 2009, inclusive, and were damaged thereby.  Excluded from the Class are Defendants and their families, directors and officers of Pfizer, and their families and affiliates.  Also excluded are those persons who both (a) excluded themselves from the Class pursuant to the Notice of Pendency of Class Action dated November 17, 2014 and (b) do not submit a Proof of Claim and Release voiding that prior request for exclusion from the Class.

4.      "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth above.

5.      "Class Period" means the period from January 19, 2006 through January 23, 2009, inclusive.

- 5 -

6.      "Defendants" means Pfizer and the Individual Defendants.

7.      "Effective Date," or the date upon which this settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in paragraph 7.1 of the Stipulation have been met and have occurred.

8.      "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

9.      "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached thereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of the Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of Lead Plaintiff's counsel's attorneys' fees and expenses, payments to Lead Plaintiff and Class Representative Mary K. Jones for their time and expenses, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

10.     "Individual Defendants" means Henry A. McKinnell, Jeffrey B. Kindler, Frank D'Amelio, Alan G. Levin, Ian C. Read, and Allen Waxman.

- 6 -

999916_4

11.    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached as Exhibit B to the Stipulation.

12.    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Henry Rosen, 655 West Broadway, Suite 1900, San Diego, CA 92101.

13.    "Lead Plaintiff" means Stichting Philips Pensioenfonds.

14.    "Litigation" means the action captioned *Mary K. Jones v. Pfizer Inc., et al.*, Civil Action No. 1:10-cv-03864-AKH.

15.    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses, and interest and any award to Lead Plaintiff and Class Representative Mary K. Jones, provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

16.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

17.    "Pfizer" means Pfizer Inc.

18.    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

19.    "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of

- 7 -

999916_4

each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

20.     "Released Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiff, Class Representative Mary K. Jones or any other Member of the Class asserted in the Litigation or could have asserted in any forum that arise out of or are based upon or related in any way to (i) the purchase or acquisition of Pfizer common stock, and (ii) the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaint. "Released Claims" includes "Unknown Claims" as defined below.

21.     "Released Persons" means each and all of the Defendants and their Related Parties.

22.     "Settlement Amount" means Four Hundred Million Dollars ($400,000,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of the Stipulation.

23.     "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

24.     "Settling Parties" means, collectively, Defendants, Lead Plaintiff, Class Representative Mary K. Jones, and the Class.

25.     "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

26.     "Unknown Claims" means any Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement

- 8 -

999916_4

with and release of the Released Persons, or might have affected his, her or its decision not to object

to this settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the

Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive

and each of the Class Members shall be deemed to have, and by operation of the Judgment shall

have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which

provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have,

and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and

benefits conferred by any law of any state or territory of the United States, or principle of common

law, which is similar, comparable or equivalent to California Civil Code §1542.  Lead Plaintiff and

Class Members may hereafter discover facts in addition to or different from those which he, she or it

now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead

Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be

deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and

released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or

non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed,

upon any theory of law or equity now existing or coming into existence in the future, including, but

not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any

duty, law or rule, without regard to the subsequent discovery or existence of such different or

additional facts.  Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation

of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## VIII.   THE LITIGATION

The initial complaint in this case, entitled *Jones v. Pfizer Inc., et al.*, Civil Action No. 1:10-cv-03864-AKH, was filed in the United States District Court for the Southern District of New York on May 11, 2010. On November 4, 2010, the Court appointed Stichting Philips Pensioenfonds Lead Plaintiff.

On April 15, 2011, the First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws was filed alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Complaint"). The named defendants in the Complaint were, among others, Pfizer and the Individual Defendants. On May 24, 2011, the Defendants moved to dismiss the Complaint. On August 10, 2011, the Court denied Defendants' motion to dismiss. Thereafter, Defendants filed an answer denying all allegations in the Complaint and asserting defenses thereto.

On January 13, 2012, Lead Plaintiff filed a motion for class certification, which the Court granted on March 29, 2012, appointing Lead Plaintiff and Mary K. Jones as class representatives.

During the pendency of the Litigation, Lead Plaintiff and Defendants engaged in extensive discovery. The parties subpoenaed more than 80 parties and third parties, resulting in the production of over 23.8 million pages of documents and the taking of approximately 65 depositions. The parties also engaged 24 expert witnesses. In preparation for trial, the parties subpoenaed over 30 witnesses.

In the course of the Litigation, the parties engaged the services of the Honorable Layn R. Phillips (Ret.), a nationally recognized mediator. The parties engaged in three in-person mediation sessions with Judge Phillips, on November 15, 2013, January 11, 2015, and January 18, 2015, and had numerous telephonic exchanges regarding a potential settlement of the Litigation. These efforts

- 10 -

culminated with the parties agreeing to settle the Litigation for $400,000,000.00 subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

## IX.    LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff and its counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Lead Plaintiff and its counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiff and its counsel have determined that the settlement set forth in the Stipulation is in the best interests of Lead Plaintiff and the Class.

## X.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff and the Class in the Litigation.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue to deny, among other allegations, the allegations that the Lead Plaintiff or the Class have suffered any damage, that the price of Pfizer common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the

- 11 -

Litigation.  Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## XI.    TERMS OF THE PROPOSED SETTLEMENT

A settlement has been reached in the Litigation between Lead Plaintiff and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto.  The following description of the proposed settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.pfizerincsecuritieslitigation.com, for a full statement of its provisions.

The Settlement Fund consists of Four Hundred Million Dollars ($400,000,000.00) in cash, plus any interest earned thereon.

A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Lead Plaintiff's counsel and Lead Plaintiff's and Class Representative Mary K. Jones' expenses, to pay for this Notice and the processing of claims submitted by Class Members, and to pay Taxes and Tax Expenses.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Proofs of Claim.

999916_4

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

## XII.   THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you may receive the benefit of, and you will be bound by the terms of, the proposed settlement described in this Notice, upon approval of the proposed settlement by the Court.

If you are a Class Member, you have the following options:

1.      You may submit a Proof of Claim as described below.  If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

2.      If you timely and validly requested exclusion from the Class pursuant to the Notice of Pendency of Class Action dated November 17, 2014 and you do nothing further: (a) you are excluded from the Class; (b) you are not entitled to share in the proceeds of the settlement described herein; (c) you are not bound by any judgment entered in the Litigation; and (d) you are not precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against Defendants based on the matters complained of in the Litigation.

3.      If you timely and validly requested exclusion from the Class pursuant to the Notice of Pendency of Class Action dated November 17, 2014 and now wish to share in the proceeds of the settlement described herein, you may submit a Proof of Claim as described below.  If you choose

- 13 -

this option, it will void your prior request for exclusion from the Class, and you will be bound by the Judgment and release to be entered by the Court as described below.

4.      If you did not previously make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim.

5.      You may do nothing at all.  If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

6.      You may object to the settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses in the manner described in Section XVIII below.

7.      If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, 2015, and must serve copies of such appearance on the attorneys listed in Section XVIII below.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Lead Counsel: Robbins Geller Rudman & Dowd LLP, Henry Rosen, 655 West Broadway, Suite 1900, San Diego, CA 92101.

## XIII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any

Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Pfizer common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel have conferred with their damages expert that the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered by Class Members had Lead Plaintiff prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

The allocation below for common stock is based on market adjusted price declines as well as the statutory Private Securities Litigation Reform Act of 1995 ("PSLRA") 90-day look-back amount:

The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

January 19, 2006 through January 23, 2009 estimated inflation per share:  $1.26

PSLRA 90 day look-back amount:     $13.83

For shares of Pfizer common stock **_purchased, or acquired, on or between January 19, 2006 through January 23, 2009_**, the claim per share shall be as follows:

      (a)      If sold prior to January 24, 2009, the claim per share is zero.

      (b)      If retained at the end of trading on January 23, 2009 and sold before April 24, 2009, the claim per share shall be the lesser of: (i) $1.26, or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

      (c)      If retained, or sold, on or after April 24, 2009, the claim per share shall be the lesser of: (i) $1.26, or (ii) the difference between the purchase price per share and $13.83 per share.

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 26-Jan-09 | $15.65 | $15.65 |
| 27-Jan-09 | $15.82 | $15.74 |
| 28-Jan-09 | $15.44 | $15.64 |
| 29-Jan-09 | $15.12 | $15.51 |
| 30-Jan-09 | $14.58 | $15.32 |
| 2-Feb-09 | $14.89 | $15.25 |
| 3-Feb-09 | $15.20 | $15.24 |
| 4-Feb-09 | $14.57 | $15.16 |
| 5-Feb-09 | $14.50 | $15.09 |
| 6-Feb-09 | $14.84 | $15.06 |
| 9-Feb-09 | $14.71 | $15.03 |
| 10-Feb-09 | $14.07 | $14.95 |
| 11-Feb-09 | $14.38 | $14.91 |
| 12-Feb-09 | $14.65 | $14.89 |
| 13-Feb-09 | $14.58 | $14.87 |
| 17-Feb-09 | $14.25 | $14.83 |
| 18-Feb-09 | $14.16 | $14.79 |
| 19-Feb-09 | $14.03 | $14.75 |
| 20-Feb-09 | $13.71 | $14.69 |
| 23-Feb-09 | $13.27 | $14.62 |
| 24-Feb-09 | $13.59 | $14.57 |
| 25-Feb-09 | $13.08 | $14.50 |
| 26-Feb-09 | $12.70 | $14.43 |
| 27-Feb-09 | $12.31 | $14.34 |

| Date | Closing Price | Average Closing Price |
|------|--------------|----------------------|
| 2-Mar-09 | $11.66 | $14.23 |
| 3-Mar-09 | $11.87 | $14.14 |
| 4-Mar-09 | $12.50 | $14.08 |
| 5-Mar-09 | $12.67 | $14.03 |
| 6-Mar-09 | $12.73 | $13.98 |
| 9-Mar-09 | $12.63 | $13.94 |
| 10-Mar-09 | $13.09 | $13.91 |
| 11-Mar-09 | $12.79 | $13.88 |
| 12-Mar-09 | $14.02 | $13.88 |
| 13-Mar-09 | $14.54 | $13.90 |
| 16-Mar-09 | $14.15 | $13.91 |
| 17-Mar-09 | $14.26 | $13.92 |
| 18-Mar-09 | $14.25 | $13.93 |
| 19-Mar-09 | $13.70 | $13.92 |
| 20-Mar-09 | $13.63 | $13.91 |
| 23-Mar-09 | $14.02 | $13.92 |
| 24-Mar-09 | $13.92 | $13.92 |
| 25-Mar-09 | $14.26 | $13.92 |
| 26-Mar-09 | $14.38 | $13.93 |
| 27-Mar-09 | $14.04 | $13.94 |
| 30-Mar-09 | $13.70 | $13.93 |
| 31-Mar-09 | $13.62 | $13.92 |
| 1-Apr-09 | $13.99 | $13.93 |
| 2-Apr-09 | $13.77 | $13.92 |
| 3-Apr-09 | $13.55 | $13.92 |
| 6-Apr-09 | $13.71 | $13.91 |
| 7-Apr-09 | $13.51 | $13.90 |
| 8-Apr-09 | $13.48 | $13.90 |
| 9-Apr-09 | $13.55 | $13.89 |
| 13-Apr-09 | $13.48 | $13.88 |
| 14-Apr-09 | $13.34 | $13.87 |
| 15-Apr-09 | $13.86 | $13.87 |
| 16-Apr-09 | $13.90 | $13.87 |
| 17-Apr-09 | $14.16 | $13.88 |
| 20-Apr-09 | $13.59 | $13.87 |
| 21-Apr-09 | $13.52 | $13.87 |
| 22-Apr-09 | $13.04 | $13.85 |
| 23-Apr-09 | $13.28 | $13.84 |
| 24-Apr-09 | $13.17 | $13.83 |

- 17 -

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Pfizer common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of Pfizer common stock during the Class Period will be matched, in chronological order, first against shares of common stock held at the beginning of the Class Period. The remaining sales of common stock during the Class Period will then be matched, in chronological order, against common stock purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Pfizer common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of common stock that have been matched against the common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. No Person shall have any claim against the Lead Plaintiff, Lead Plaintiff's counsel, any claims administrator, or other Person designated by Lead Plaintiff's counsel, or Defendants or Defendants'

- 18 -

counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## XIV.   PARTICIPATION IN THE SETTLEMENT

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM.**  A Proof of Claim is enclosed with this Notice or it may be downloaded at www.pfizerincsecuritieslitigation.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail or submit it online so that it is postmarked or received no later than _____, 2015.  The claim form may be submitted online at www.pfizerincsecuritieslitigation.com.   Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## XV.   DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment").  In addition, upon the Effective Date, Lead Plaintiff, Class Representative and each of the Class Members, for themselves and for any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund, shall be deemed to have,

- 19 -

and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

## XVI.   APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed 23.5% of the Settlement Amount, plus expenses not to exceed $8,260,000, plus interest thereon.  In addition, the Lead Plaintiff and Class Representative Mary K. Jones may each seek up to $25,000 in expenses (including lost wages) they incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

To date, Lead Plaintiff's counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor have counsel been paid their expenses.  The fee requested by Lead Counsel will compensate counsel for their efforts in achieving the settlement for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis.  Lead Counsel believe that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type.  The fee to be requested has been approved by the Lead Plaintiff.

## XVII.  CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from the Judgment or to

- 20 -

move to alter or amend the Judgment, or the determination of any such appeal or motion in a manner to permit the consummation of the settlement substantially as provided for in the Stipulation.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of January 17, 2015.  In that event, the settlement will not proceed and no payments will be made to Class Members.

## XVIII. THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who objects to any aspect of the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and be heard at the Settlement Hearing. However, any such Person must submit a written notice of objection, such that it is *received* on or before _____, 2015, by each of the following:

*To the Court:*

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 Pearl Street
New York, NY  10007-1312

*To Lead Counsel:*

ROBBINS GELLER RUDMAN
 & DOWD LLP
HENRY ROSEN
655 West Broadway, Suite 1900
San Diego, CA  92101

- 21 -

999916_4

*To Counsel for Certain Defendants:*

WILLIAMS & CONNOLLY LLP
STEVEN M. FARINA
725 Twelfth Street, N.W.
Washington, D.C.  20005

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Pfizer common stock purchased and sold during the Class Period and contain a statement of the reasons for objection.  Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XIX.   SPECIAL NOTICE TO NOMINEES

Nominees who purchased the common stock of Pfizer for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice: (1) IF YOU HAVE NOT ALREADY DONE SO IN CONNECTION WITH THE DISSEMINATION OF THE NOTICE OF PENDENCY OF CLASS ACTION DATED NOVEMBER 17, 2014, provide the Claims Administrator with the names and addresses of such beneficial owners; or (2) forward a copy of this Notice and the Proof of Claim by First-Class Mail to each such beneficial owner and, provide Lead Counsel with written confirmation that the Notice and Proof of Claim have been so forwarded.  Upon submission of appropriate documentation, Lead Counsel will reimburse your reasonable costs and expenses of complying with this provision.  Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

*Pfizer Litigation*
Claims Administrator
c/o GILARDI & CO. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

- 22 -

999916_4

## XX.    EXAMINATION OF PAPERS

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation.  For a more detailed statement of the matters involved in the Litigation, reference is made to the pleadings, to the Stipulation, and to other papers filed in the Litigation, which may be inspected at the office of the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312.  In addition, certain settlement related documents including the Stipulation of Settlement may be viewed at www.pfizerincsecuritieslitigation.com.

If you have any questions about the settlement of the Litigation, you may contact Lead Counsel by writing to:

> ROBBINS GELLER RUDMAN & DOWD LLP
> HENRY ROSEN
> 655 West Broadway, Suite 1900
> San Diego, CA  92101

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: _____, 2015             BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF NEW YORK

999916_4