UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------- x
MARY K. JONES, Individually and on Behalf : Civil Action No. 1:10-cv-03864-AKH
of All Others Similarly Situated, :
: CLASS ACTION
                  Plaintiff :
: [PROPOSED] ORDER PRELIMINARILY
  vs. : APPROVING SETTLEMENT AND
: PROVIDING FOR NOTICE
PFIZER INC., et al., :
:
                  Defendants. :
:
---------------------------------------------- x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/15

WHEREAS, an action is pending before this Court entitled *Mary K. Jones v. Pfizer Inc., et al.*, Civil Action No. 1:10-cv-03864-AKH (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of February 8, 2015 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on July 30, 2015, at 2:30 p.m. [a date that is at least 100 calendar days from the date of this Order], at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14D, New York, NY 10007-1312, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.12 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees

- 1 -

and expenses that should be awarded to Lead Counsel; and to determine the amount of expenses to be awarded to Lead Plaintiff and Class Representative Mary K. Jones. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

3.  The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.  The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

5.  Not later than April 1, 2015 [ten (10) business days after the Court signs and enters this Order] (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, including those Class Members who received the Notice of Pendency of Class Action in November 2014, and to be posted on its website at www.pfizerincsecuritieslitigation.com.

6.  Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service.

7. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Nominees who purchased Pfizer common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Pfizer common stock within ten (10) days after receipt thereof, or, if they have not already done so in connection with the dissemination of the Notice of Pendency of Class Action dated November 17, 2014, send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than one hundred-twenty (120) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the

foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

11. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, or hand-delivered such that it is postmarked no later than May 21, 2015 [fifty (50) calendar days after the Notice Date]. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Pfizer common stock between January 19, 2006 and January 23, 2009, inclusive, including the dates, the number of shares of Pfizer common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

13. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) calendar days prior to the Settlement Hearing.

14. Any Member of the Class may appear and show cause why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment

- 4 -

should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the plaintiffs, or why the expenses of Lead Plaintiff and Class Representative Mary K. Jones should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are postmarked or hand-delivered on or before May 21, 2015 [fifty (50) calendar days after the Notice Date], by Robbins Geller Rudman & Dowd LLP, Henry Rosen, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Williams & Connolly LLP, Steven M. Farina, 725 Twelfth Street, N.W., Washington, D.C. 20005, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, on or before May 21, 2015 [fifty (50) calendar days after the Notice Date]. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the plaintiffs or expenses of Lead Plaintiff or Class Representative Mary K. Jones, unless otherwise ordered by the Court.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by counsel for the plaintiffs for attorneys' fees and expenses or by

Lead Plaintiff or Class Representative Mary K. Jones for their expenses shall be filed and served by May 6, 2015 [thirty-five (35) calendar days after the Notice Date]. Replies to any objections shall be filed and served by June 5, 2015 [sixty-five (65) calendar days after the Notice Date].

17. Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by plaintiffs' counsel or Lead Plaintiff or Class Representative Mary K. Jones, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

18. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

19. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff or Class Representative Mary K. Jones nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.6 or 2.8 of the Stipulation.

20. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

21. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the

settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

22. If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

23. Pending final determination of whether the proposed settlement should be approved, neither the Lead Plaintiff, the Class Representative nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED: March 16, 2015

THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

- 7 -