UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |   |
|---|---|---|
| **MARY K. JONES, Individually and on behalf of all others similarly situated,** | ) ) ) |   |
| Plaintiff, | ) |   |
| v. | ) ) | No. 1:10-cv-03864-AKH |
| **PFIZER, INC., et al.,** | ) ) |   |
| Defendants. | ) ) |   |

## MOTION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES

Objector Scott W. Browne hereby moves for an award of attorneys' fees for his role in influencing the Court's Order Awarding Attorneys' Fees and Expenses.

### I. Browne's Objection Benefited the Class.

In the Second Circuit, it has been established that objectors who improve a settlement as a result of their efforts are entitled to an award of attorney's fees.

> [I]t is well settled that objectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements, and that, as the district court recognized, they are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts.

*White v. Auerbach*, 500 F.2d 822, 828 (2d Cir. 1974). *See also In re Visa Check/Mastermoney Antitrust Litig.*, 2004 U.S. Dist. LEXIS 8737 (EDNY, April 2, 2004).

An objector need not show that his objections were the cause in fact of the changes to the settlement, merely that "the final settlement embodied alterations urged by appellants in their objections…" *White, supra,* at 828. The Second Circuit held that "it was 'unfair to counsel when, seeking to protect his client's interest and guided by facts apparent on the record, he spends time and effort to prepare and advance an argument

which is openly adopted by the court, but then receives no credit therefore because the court was thinking along that line all the while.'" *White*, 500 F.2d at 829 (*quoting Green v. Transitron Electronic Corp.*, 326 F.2d 492. 499 (1st Cir. 1964)). Here, however, the Court held in its fee order that "the Court, having reviewed the objection to the fee award filed by Scott W. Browne, incorporates into this Order suggestions made therein," acknowledging Mr. Browne's contribution.

**II.     Objectors' Counsel's Lodestar.**

Attached to this Motion is a declaration submitted by counsel for Objector Browne, setting forth his lodestar amount and that of his co-counsel. Objector Browne requests a fee award in the amount of his counsel's collective lodestar of $19,737.50.

Browne's counsel's fees in this case were wholly contingent, and Browne's counsel have received no compensation for their work in this case.

The $19,737.50 requested is a miniscule percentage of the $34 million in additional settlement value that will be paid to class members as a result of the $60 million fee award.

## CONCLUSION

WHEREFORE, Objector Browne prays that this Court award his counsel attorney's fees in the amount of $19,737.50.

>Respectfully submitted,
>Scott W. Browne,
>By his attorneys,
>
>*/s/ Vincent S. Verdiramo, Jr.*
>VINCENT S. VERDIRAMO, JR.
>VERDIRAMO & VERDIRAMO ESQS, PA
>3163 Kennedy Blvd.
>Jersey City NJ 07306
>(201) 798-7082
>(201) 798-4627
>Verdiramo@aol.com
>
>John J. Pentz, Esq.
>19 Widow Rites Lane
>Sudbury, MA 01776
>Phone: (978) 261-5725
>Fax: (978) 405-5161
>jjpentz3@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on August 25, 2015, and that as a result electronic notice of the filing was served upon all attorneys of record.

>*/s/ Vincent S. Verdiramo*
>Vincent S. Verdiramo